## ROTHWELL v. PENNSYLVANIA R. CO.
### Civ. No. 6733.

United States District Court
E. D. Pennsylvania.
Jan. 3, 1950.

Joseph S. Lord, III, Philadelphia, Pa., for plaintiff.

Owen B. Rhoads, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and received a jury verdict in his favor. The defendant moves for a new trial. Its essential contentions in support of the motion are: (1) that the verdict was against the weight of the evidence, (2) that the Court erred in affirming certain of plaintiff's points for charge, and (3) that certain letters written by plaintiff's counsel were improperly excluded from evidence.

On such a motion as this, "* * * it is the duty of the judge to set aside the verdict and grant a new trial, if he is of opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice, * * *." Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352. With this standard in mind, I have given careful attention to the problem. Suffice it to say, without detailing the evidence at length, that it does not appear to me that a new trial is justified.

The defendant further complains of error in the Court's affirmance of the

plaintiff's point for charge which reads as follows: "If you find that the plaintiff slipped on an accumulation of grease but that such grease could have been removed by the use of steam hoses and sand or sawdust and that the grease was not so removed, you may find that the defendant was negligent. If you so find and if you further find that such negligence was the cause of the plaintiff's injuries, in whole or in part, your verdict must be for the plaintiff."

It is urged that this instruction imposed upon the defendant a rule of absolute liability, with which it could not have complied even upon proof that other reasonably effective cleaning devices were used to remove grease. However, on the basis of the evidence which was before the jury, it was established that the steam hose and sand or sawdust method was a possible precaution which was used upon occasion, although it appeared that normally grease was removed by sweeping. The instruction given to the jury was merely to the effect that the failure to adopt a safer method, where it is available, is evidence of negligence, and that principle is well established in the law. See Boston & M. R. R. v. Meech, 1 Cir., 156 F.2d 109; Boston & M. R. R. v. Kyle, 1 Cir., 156 F.2d 112.

■ Defendant also assigns as error the instruction which reads as follows: "If you find that the plaintiff slipped on an accumulation of grease which had been permitted to remain for an unreasonable length of time, you may find that the defendant was negligent. If you so find and if you further find that such negligence was the cause of the plaintiff's injuries, in whole or in part, your verdict must be for the plaintiff." The defect alleged in this instruction is the absence of the requirement that before a defendant can be held to be negligent for failure to remove a dangerous condition, it must be shown that defendant had notice of or a reasonable opportunity to discover the existence of the condition. The answer to this objection is twofold. First, the allegedly missing element with respect to notice is present by obvious implication. If the grease was permitted to remain for an unreasonable length of time, it was permitted to remain long enough for defendant to have had notice or a reasonable opportunity to discover the existence of the dangerous condition. Secondly, the instruction merely incorporates the familiar rule that the defendant was under a duty to provide the plaintiff with a reasonably safe place to work. Bailey v. Central Vt. Ry. Co., 319 U.S. 350, 353, 63 S.Ct. 1062, 87 L.Ed. 1444. Here, there was submitted to the jury, in effect, the question of whether the defendant took reasonable and prudent steps to discharge that duty.

■ Finally, defendant assigns as error the Court's ruling in refusing to admit into evidence two letters written by counsel for the plaintiff to the Aspinwall Veterans' Hospital, where the plaintiff had received treatment subsequent to the injury involved in this suit. It is alleged that one of the letters contains an admission by counsel, and hence by the plaintiff, that the hospital records showed that the plaintiff had made no mention of the accident to the hospital authorities. The letter, with its admission, had no probative value as substantive evidence, for it was clearly irrelevant. There was no admission that the plaintiff was not injured, nor that he was not hospitalized because of an injury, but merely an admission that the records did not show an injury. Furthermore, it is apparent from the letter that the "admission" was based on hearsay because the plaintiff's counsel had not seen the records. Finally, the records themselves were admitted into evidence, over the plaintiff's objection, thus rendering beside the point any admission concerning what they contained.

But defendant asserts that it offered the letter also as evidence impeaching plaintiff's credibility. However, the plaintiff's testimony concerning his disclosures to the hospital authorities is quite consistent with the admission contained in the letter: he had not said anything about his accident because he feared that as a result of volunteering such information he might be denied hospitalization. And again, with respect to credibility, the records themselves

were received into evidence and the admission in the letter adds nothing to those records.

The second letter advised the hospital authorities that the records should not be produced at the trial because they were privileged and because the subpoena served was invalid. The defendant argues that this letter is evidence indicating a fraudulent claim. It may be admitted that the aim of the letter was to keep the records from the jury. But the same effort was made at the trial, by means of an objection to their introduction. The former attempt by letter, though it may have been ill-advised, is in my opinion not evidence of fraud.

The defendant's motion for a new trial will be denied.