Mabel T. TURNER

v.

UNITED STATES of America.

Civ. A. 2067.

United States District Court
E. D. Tennessee, S. D.

April 13, 1954.

John S. Wrinkle, Chattanooga, Tenn., for Mabel T. Turner.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., John P. Davis, Jr., Asst. U. S. Atty., Chattanooga, Tenn., for the United States.

Samuel K. Wasaff, El Paso, Tex., and Will Allen Wilkerson, Chattanooga, Tenn., for Patsy Ruth Magee.

DARR, Chief Judge.

This is a contest between claimants under a policy of National Service Life Insurance. When the insurance was written the insured was unmarried and his mother was designated principal beneficiary. After marriage, it is claimed the beneficiary was changed so as to designate his wife principal beneficiary. After his death, both his widow and mother made claim to the Veterans Administration. The Administration decided in favor of the widow, and the mother brought suit.

The case was tried to the Court and a jury and there was a verdict for the plaintiff.

The widow filed a motion for a new trial on the grounds that there was no material evidence to support the verdict; that the Court erred in not directing a verdict in favor of the widow; that there was no evidence to support the plaintiff's claim that the instrument designated "Change of Beneficiary" was a forgery, or that it had been executed through fraud or coercion, or that the insured was mentally incompetent.

It is the duty of a trial judge to set aside a verdict and grant a new trial if he is of the opinion that the verdict is against the great weight of the evidence, or will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict. Daffinrud v.

United States, 7 Cir., 145 F.2d 724; Grayson v. Deal, D.C., 85 F.Supp. 431; Rothwell v. Pennsylvania R. Co., D.C., 87 F.Supp. 706.

The proof offered was sketchy. By stipulation it was agreed that the file in the hands of the United States Attorney was the official file of the Veterans Administration in regard to the deceased, James H. Tanner; and that it might have all the force and efficacy as though certified and authenticated by the Veterans Administration.

This file contained the following papers:

1. Application for $10,000 National Service Life Insurance dated February 27, 1943, signed by James H. Tanner, wherein the insured's mother was designated as principal beneficiary. Serial No. of soldier, 34722556.

2. Original and one carbon copy of Veterans Administration Form 336 bearing the caption "Change of Beneficiary" —"National Service Life Insurance", dated 6–24–46, bearing the signature of James H. Tanner, wherein the insured's wife, Mrs. Patsy Ruth Tanner, was designated as principal beneficiary. Serial No. of the soldier was stated to be RA34722556; and the signature of the insured was witnessed by Gail M. Jackson, CWO USA Personnel.

3. Copy of a letter on stationery of Veterans Administration, Washington, under date of August 5, 1946, addressed to T/4 James H. Tanner, B Btry Gun Tng Det, Fort Bliss, Texas, and signed by H. L. McCoy, C. A. Zoller, Director Underwriting Service, the letter reading: "Your request for change of beneficiary in connection with an application for National Service Life Insurance, recently submitted by you, has been received and made of record."

There was no evidence as to the genuineness of the insured's signature on the application for insurance, nor on the application for a change of beneficiary.

The case for the mother was grounded on the claim that the signature on the application for a change of beneficiary was a forgery, or was obtained by duress or undue influence, or at a time when the insured was mentally incompetent.

There was, however, no proof of forgery or undue influence or mental incapacity.

The only evidence of any infirmity in the signature to the application for a change of beneficiary was the comparison of the signature on the original application with the signature on the paper purporting to change the beneficiary, and the claim that there was such an obvious difference as to wholly discredit the genuineness of the latter signature. It was argued that the burden rested on the widow to show that the signature on the application to change the beneficiary was genuine; and that in the absence of any proof on that subject, and in view of the obvious fact that one of the signatures was a forgery or otherwise defective, the widow failed to carry the burden of proof to show the genuineness of the signature changing the beneficiary.

It will be observed that the Congressional Act affords to servicemen the absolute right to change a beneficiary in this type of insurance. Title 38 U.S. C.A. § 802(g).

It is true that the courts have said the burden of proof to establish a change was on the person asserting the change. Bradley v. United States, 10 Cir., 143 F.2d 573, and many other cases to the same effect.

The regulations adopted by the Veterans Administration provide, among other things, that changes in beneficiaries "must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration by the insured or his agent, *and must contain sufficient information to identify the insured."* (Italics added.) Title 38, Ch. 1 —Veterans Administration, sec. 8.47, 1949 Edition, Code of Federal Regulations.

Form 336, which was approved for use in effecting changes of beneficiary, says in a note at the bottom: "Signature of insured should be in ink and *witnessed*

**32**

*by a responsible and disinterested person."* (Italics added.)

In order to comply with the mandatory provisions of the Regulations, before a change of beneficiary is processed by the Veterans Administration the application must contain sufficient information to identify the insured. Among other means provided for identification is that the insured's signature must be witnessed by a responsible and disinterested person.

28 U.S.C. § 1733, provides: "(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible *to prove the act, transaction or occurrence* as a memorandum of which the same were made or kept. (b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof." (Italics added.)

■ Judicial notice is taken of the public official acts, practice and proceedings of public officers and boards which are of a general public interest, or which are matters of common knowledge. 31 C.J.S., Evidence, § 40, p. 602.

As a positive identification, the insured's serial number was inserted.

What explanation can be given of this document found in the files of the Veterans Administration other than that it was executed by the veteran himself, in the bona fide attempt to meet his family obligations, and what explanation can be given of the Veterans Administration's letter notifying the insured that his application for change had been received and recorded?

The copy of the letter in the file of the Veterans Administration is persuasive proof that it was transmitted and received. If received and if change of beneficiary was a frame or a hoax, the insured would undoubtedly have complained, and asked for an explanation at the time. He lived about four years

thereafter, and there is no intimation that any inquiry was made.

There are many indications that the change of beneficiary was properly made and is free of the infirmities set up in the claims of the mother.

■ The Court is of the opinion that the verdict is against the great weight of the evidence.

On another trial of the case, the parties will have an opportunity to introduce additional proof and thereby clarify the rights of the parties which, on the first trial, were left in obscurity and uncertainty. Southern Ry. Co. v. Derr, 6 Cir., 240 F. 73; Baltimore & Ohio Railroad Co. v. O'Neill, 6 Cir., 211 F.2d 190.

In this case the Court has been greatly concerned to see to it that a fair and full disclosure of proof may be adduced to ascertain to whom this deceased soldier wanted his insurance paid. The Court feels that such has not been done and for this, and the reasons heretofore set out, the motion for a new trial is granted.

Order accordingly.