## GENERAL AMERICAN LIFE INS. CO. v. CENTRAL NAT. BANK OF CLEVELAND.
### No. 9287.

Circuit Court of Appeals, Sixth Circuit.

June 22, 1943.

Robert H. Jamison and Robert F. Lee, both of Cleveland, Ohio, for appellant.

Marvin C. Harrison, of Cleveland, Ohio (William K. Thomas and Harrison & Marshman, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

This is the second appearance of this case here. See Central Natl. Bank of Cleveland v. General American Life Ins. Co., 6 Cir., 105 F.2d 878, 880. The suit was by the trustee-beneficiary of a life insurance policy issued to one Edwin G. Thompson against appellant Insurance Company to recover $25,000 under the "Accidental Death Double Indemnity Benefit" provision of the policy, relevant portions of which are printed.[1] Thompson was shot and killed

---

[1] "Accidental Death Double Indemnity Benefit. The Double Indemnity payable in event of the accidental death of the insured shall be due if written affirmative proof shall be furnished * * * that such death occurred * * * from bodi-

near Albuquerque, New Mexico, by one Bryson Corbett. The Insurance Company contested the claim that death resulted from accidental means and declined to pay the double indemnity benefits provided by the policy; hence this suit.

There have been three trials. At the first the jury disagreed; at the second the court entered judgment for the Company upon a directed verdict which we reversed. We thought that certain questions of fact should have been submitted to the jury, to wit, whether Thompson was the aggressor when he was killed; whether he expected Corbett to shoot him; and whether a reasonable man would have expected to be shot. We further said: "The insurer contends also that under certain statutes of New Mexico Thompson clearly was the aggressor. The District Court made no finding upon this point and apparently did not consider it. No decisions of the courts of New Mexico are cited. If these statutes apply, this contention also presents a question of fact which should have been submitted to the jury."

Upon the third trial the evidence was in the main similar to that adduced at the second, with a limited amount of additional evidence. The court overruled a motion for peremptory instructions. The jury found for appellee and judgment was entered upon the verdict.

Thereupon, appellant, as provided by Rule 50(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, moved that the verdict be set aside and judgment entered for it, or, in the alternative, that a new trial be granted. The grounds advanced for a new trial were, (1) that the motion for a directed verdict should have been sustained; (2) that the verdict was contrary to the evidence and the law and was not supported by any evidence and was against the weight of the evidence; (3) that the court refused to admit proper evidence and admitted improper evidence; and (4) refused to interpret the meaning of Section 35-1506 of the statutes of New Mexico upon the issue whether Thompson was a trespasser at the time he was killed.

■ The appeal is from the final judgment and from the order overruling the motion to set aside the verdict and enter judgment for the defendant, or, in the alternative, to order a new trial. In this condition of the record, this court may affirm or reverse the action of the lower court and enter judgment n.o.v., or reverse and remand for a new trial. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 254, 61 S.Ct. 189, 85 L.Ed. 147. The District Court was required to rule not only upon the motion for judgment n.o.v. but also upon the motion for a new trial. In overruling the motion for new trial, the District Judge was required to give his reason therefor. See Montgomery Ward & Co. v. Duncan, supra 311 U.S. (page 253), 61 S.Ct. 189, 85 L.Ed. 147. He gave his reasons in no uncertain terms. He said: "Since the case was retried on substantially the same evidence as that produced at the last former trial, it seems to this court that to enter a judgment for defendant in spite of the verdict for the plaintiff, *or to order a new trial* for the reasons assigned would not be consistent with the opinion of the Court of Appeals. For that reason the motion is overruled." (Italics ours.)

He also said: "The decision by the Court of Appeals is the law of the case unless that Court or the Supreme Court modifies or changes it."

■ As indicated above, the gist of our former opinion was, that "the case presents several questions of fact which required submission to the jury * * *." The opinion went no further. See Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 553, 24 S.Ct. 538, 48 L.Ed. 788; Hartford Life Ins. Co. v. Blincoe, 255 U.S. 129, 136, 41 S.Ct. 276, 65 L.Ed. 549. It is apparent that the view of the lower court was that our former opinion required it not only to overrule the motion for judgment n.o.v., but the motion for a new trial as well. This was erroneous. In Montgomery Ward & Co. v. Duncan, supra, 311 U.S. (page 251), 61 S.Ct. page 194, 85 L.Ed. 147, it is said: "The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, * * * or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors

ly injuries effected directly from external, violent and accidental means * * * except that this Double Indemnity will not be payable if the insured's death shall result * * * from any violation of law by the insured. * * *"

in admission or rejection of evidence or instructions to the jury." See, also, Aetna Cas. & Sur. Co. v. Yeatts, 4 Cir., 122 F.2d 350, 354. In Felton v. Spiro, 6 Cir., 78 F. 576, 582, we said: "It is apparent, from the foregoing, that the view of the learned judge at the circuit, expressed in the opinion on the motion for new trial, that because the court cannot direct a verdict one way, it may not set aside a verdict the other way, as against the weight of the evidence, is erroneous. Indeed, as distinctly pointed out by Judge Lurton, the mental process in deciding a motion to direct a verdict is very different from that used in deciding a motion to set aside a verdict as against the weight of evidence. In the former there is no weighing of plaintiff's evidence with defendant's. It is only an examination into the sufficiency of plaintiff's evidence to support a burden, ignoring defendant's evidence. In the latter, it is always a comparison of opposing proofs."

Appellant was entitled to have the court pass upon the motion for a new trial in the exercise of its own independent judgment. This it has not had. It "is entitled to have the court below weigh all the evidence, and exercise its discretion to say whether or not, in its opinion, the verdict was so opposed to the weight of the evidence that a new trial should be granted, * * *." Felton v. Spiro, supra, 78 F. page 583. As pointed out in Montgomery Ward & Co. v. Duncan, supra, it is also entitled to have the court determine whether or not it should have a new trial upon any other ground set forth in its motion therefor.

For this purpose the case must be remanded, with directions to the court below to consider and act in its own discretion upon appellant's motion for a new trial, stating the reasons for his action. The result, whether one way or the other, may be certified to us in a supplemental record, and, along with other uncontroverted issues in the case, will be subject to review here under the procedure outline in Montgomery Ward & Co. v. Duncan, supra. We are not unmindful that an appellate federal court will not ordinarily disturb the action of a district court upon a motion for a new trial for error of fact (Fairmount Glass Works v. Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439) but this is not true where the question involved is one of law.

Remanded.