## HAWKINS v. SIMS.
### No. 5098.

Circuit Court of Appeals, Fourth Circuit.
July 14, 1943.

H. D. Rollins, of Charleston, W. Va., for appellant.

Staige Davis, of Charleston, W. Va., (Davis & Painter, of Charleston, W. Va., on the brief), for appellee.

Before PARKER, DOBIE and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is an appeal from an order setting aside a verdict for plaintiff and entering judgment, without further trial, for the defendant. The action was one for alienation of affections, and the jury returned a verdict for plaintiff in the sum of $250. After verdict, defendant having moved at the conclusion of the testimony for a directed verdict made a motion for judgment in accordance with that motion, or, in the alternative, that the court set aside the verdict as contrary to the law and the evidence and award a new trial. In support of the motion defendant offered a number of affidavits going to the credibility of evidence relied on by plaintiff. The court, without indicating that the evidence taken on the trial was insufficient when viewed apart from the affidavits but without passing on the motion for new trial, granted the motion of defendant for judgment, and plaintiff has appealed.

It is well settled that a judgment n. o. v. cannot be granted except where motion for directed verdict has been made, and then only where the motion for directed verdict should have been granted, i.e. where there is no substantial evidence to support the verdict. And, in passing upon such motion, the evidence must be taken in the light most favorable to the party in whose favor the verdict has been returned, and all conflicts must be resolved in his favor. Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350. Such motion is to be distinguished from a motion to set aside a verdict and grant a new trial, which is addressed to the discretion of the trial judge and should be granted, even though there be substantial evidence supporting the verdict, if in his opinion the ends of justice so require. Ætna Casualty & Surety Co. v. Yeatts, supra. The distinction, which is the same in the case of motion for judgment n. o. v. as in case of motion for directed verdict, was stated by this court with some care in Garrison v. United States, 4 Cir., 62 F.2d 41, in a passage quoted with approval in Roedegir v. Phillips, 4 Cir., 85 F.2d 995, 996, and Ætna Casualty & Surety Co. v. Yeatts, supra, [122 F.2d 354] which is as follows: "Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based upon evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice. See Felton v. Spiro (6 Cir.), 78 F. 576. Verdict can be directed only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so overwhelmingly so as to leave no room to doubt what the fact is. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720. Verdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice."

We have carefully examined the testimony in the record; and when it is viewed in the light most favorable to plaintiff, as it must be on motion for directed verdict or judgment n. o. v., we cannot say that it is not sufficient to support a verdict. The affidavits filed after verdict may constitute grounds for setting aside the verdict and granting a new trial, but cannot be considered on the question of the sufficiency of the evidence before the jury to sustain the verdict. The judgment entered by the court below must accordingly be reversed, but this does not mean that we should direct entry of judgment upon the verdict, as plaintiff argues. Defendant's alternative motion to set aside the verdict and grant a new trial has not yet been passed on by the trial court, and upon remand this should be done with full power in the trial judge to set aside the verdict and grant a new trial, if in his discretion he determines that the ends of justice so require. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.

The judgment for defendant will accordingly be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Reversed and remanded.