Quincy H. Hale and Thomas H. Skemp, both of La Crosse, Wis., for appellant.

Francis M. Shea, Asst. Atty. Gen., Lester P. Schoene and Wilbur C. Pickett, Bureau of War Risk Litigation, both of Washington, D. C., Francis A. Murphy, of Madison, Wis., Wm. M. Lytle, of Chicago, Ill., John J. Boyle, U. S. Atty., of Madison, Wis., and Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

### DAFFINRUD v. UNITED STATES.

No. 8534.

Circuit Court of Appeals, Seventh Circuit.

Dec. 7, 1944.

SPARKS, Circuit Judge.

The plaintiff appeals from a judgment on a verdict in favor of the United States in a suit on a policy of war risk insurance. The only point relied upon as error is the action of the court in denying his motion for a new trial, which, appellant contends, constituted an abuse of discretion which should be corrected by this court.

Plaintiff is the guardian of the insured who was adjudicated incompetent and committed in July, 1921, suffering from dementia præcox, hebephrenic type. He had been discharged from military service in June, 1919, and his policy of insurance lapsed for nonpayment of premiums July 31, 1919. Appellant introduced evidence tending to show that his ward had become insane even prior to his discharge from the service, and that, from the date of his discharge, he had been incapacitated from performing any of the activities relating to his prewar occupation, farming, except under the closest supervision, and even then, he could not be relied upon. However, this evidence was disputed by the Government which, in turn, introduced evidence tending to show that the insured was not totally incapacitated from per-

forming any work prior to the lapse of his policy. Under this state of the proceedings, with no objections on the part of the plaintiff to the admission or exclusion of evidence, and no motion on his part for a directed verdict, the case went to the jury which rendered a verdict in favor of the United States. Thereupon, appellant moved for judgment notwithstanding the verdict, and also for a new trial on the grounds that the verdict was contrary to the law and the evidence, and that such new trial was required in the interests of justice.

Substantially the same question as is here raised was presented in the case, Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352. There also the plaintiff appealed from a judgment entered after denial of its motion for judgment n. o. v. or for a new trial; there also, the plaintiff had made no motion for a directed verdict, so no question was raised as to the sufficiency of the evidence to support the verdict. Judge Parker, in affirming the judgment of the District Court, made a thorough and scholarly analysis of the authorities on the subject, citing and quoting from the leading cases. He arrived at the following conclusions:[1]

"* * * On such a motion it is the duty of the judge to set aside the verdict and grant a new trial, if he is of opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. The exercise of this power is not in derogation of the right of trial by jury but is one of the historic safeguards of that right. * * *

"It is equally well settled, however, that the granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge, and that his action thereon is not reviewable upon appeal, save in the most exceptional circumstances."

We are in complete accord with these conclusions, that the trial court may grant the motion, and that the appellate court may review its action thereon under certain circumstances. However, our study of the record discloses no abuse of discretion on the part of the trial court, nor are there present any of the special circumstances which would subject his action to review by this court. In short, the case simply presents the not unusual situation where both parties introduce evidence which is in conflict, and that conflict must be presented to the jury for decision as to the facts. Appellee concedes that, had a verdict been returned in favor of the plaintiff, it would have had support in the evidence, and we agree with it that there is also evidence to justify the jury's failure to find for the plaintiff. Cf. Halliday v. United States, 315 U.S. 94, 62 S.Ct. 438, 86 L.Ed. 711.

Judgment affirmed.

---

[1] See also Dickerson v. Franklin Nat. Ins. Co., 4 Cir., 130 F.2d 35.