**Mabel T. TURNER, Appellant,**

v.

**UNITED STATES of America and Patsy Ruth Magee, Appellees**

**No. 12507.**

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1956.

---

John S. Wrinkle, Chattanooga, Tenn., for appellant.

W. A. Wilkerson, Chattanooga, Tenn., Samuel K. Wasaff, El Paso, Tex., Thomas Crutchfield, Chattanooga, Tenn., of counsel, for appellee Patsy Ruth Magee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This appeal attacks the granting of a motion for new trial in an action upon a National Service Life Insurance policy issued to James H. Tanner, effective March 1, 1943, in which Tanner, the veteran, named his mother as principal beneficiary. Tanner subsequently was married to Patsy Ruth Tanner (now Patsy Ruth Magee). He was killed in action on September 3, 1950.

On June 24, 1946, subsequent to his marriage, an application for change of beneficiary signed by Tanner and duly executed was forwarded to the Veterans' Administration, requesting a change of beneficiary from the veteran's mother to his wife. The Veterans' Administration acknowledged receipt of this application.

After the death of Tanner both his mother and his widow made claim for the insurance. The Veterans' Administration decided in favor of the widow and this suit was instituted by the mother.

The case was tried to a jury. The principal issue raised by the mother was that the signature to the application for change of beneficiary, which purported to be that of the veteran, was either a forgery or had been obtained under duress or during mental incompetence. The jury gave judgment for the mother. The wife, who had been joined as party defendant, filed a motion for new trial, which was granted by the District Court upon the ground that "the verdict is against the great weight of the evidence."

The controlling question is whether the order of the District Court granting a new trial constituted a clear abuse of discretion. Washington Times Company v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 848, 110 A.L.R. 393; Kansas City Stockyards Company of Maine v. Anderson, 8 Cir., 199 F.2d 91, 95, 36 A.L.R.2d 1; Spero-Nelson v. Brown, 6 Cir., 175 F.2d 86, 89; United States v. Johnson, 327 U.S. 106, 112–113, 66 S.Ct. 464, 90 L.Ed. 562. It was held in the Spero-Nelson case that where the jury's verdict resolves a factual question the trial court's action in overruling such motion cannot be reviewed by the Court of Appeals unless it involves an abuse of discretion. The granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge and his action thereon is not reviewable upon appeal save in the most exceptional circumstances. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352–354. We therefore are concerned only as to whether the District Court clearly abused its discretion in granting the new trial. Cf. Hill v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 174 F.2d 171,

ference. If so, a defendant could be convicted on simple proof (a) vehicle stolen in one state and, (b) defendant temporarily present in or near vehicle in second state, since the crucial issues of (1) theft, (2) transportation, (3) guilty knowledge would arise by inference from (b).

The following cases reflect action where, in totality, the application of inferences made something to be that which was not probable in fact: Johnson v. United States, supra; United

States v. Gardner, supra; Ezzard v. United States, 8 Cir., 7 F.2d 808; United States v. Ruffino, 2 Cir., 67 F.2d 440, cited and approved, Andrews v. United States, supra, and all others, including those cited elsewhere herein, show on careful examination some additional circumstances such as altered or forged title papers, motor numbers, grossly reduced sales price, use of assumed names, and, most significant, admitted or adequately proved possession of a real and demonstrable dominion over the car or thing.

172. An appellate court reviewing an order granting a new trial will consider all intendments in favor of the order made by the trial judge. The order will not be reversed if the record discloses any tenable ground in support of the order. Cicrich v. State Industrial Accident Commission, 143 Or. 627, 635, 636, 23 P. 2d 534. These considerations require some description of the trial in which the mother secured a verdict and judgment, later set aside.

As heretofore stated, the paramount issue at the trial was whether the signature on the application for change of beneficiary was genuine or whether it was obtained under duress or circumstances of mental incompetence. The District Court found that there was no proof of any of these points. No expert testimony as to the validity of the signature was given, but the jury had the opportunity of comparing the signature on the application for insurance with the signature on the application for change of beneficiary.

The official records of the Veterans' Administration showing the change of beneficiary were admitted in evidence in accordance with 28 U.S.C. § 1733, which provides that

"(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept.

"(b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof."

The change of beneficiary was made on Veterans' Administration Insurance Form 336 for Change of Beneficiary and bore the serial number of the veteran. The signature, "James H. Tanner," in accordance with the regulations adopted by the Veterans' Administration, was in ink and witnessed by Gail M. Jackson, CWO USA Personnel. The records also include a copy of a letter on Veterans' Administration letterhead dated August 5, 1946, addressed to James H. Tanner at Fort Bliss, Texas, and signed by H. L. McCoy, Director of Insurance, and C. A. Zoller, Director Underwriting Service, which acknowledged the receipt of the request for change of beneficiary and stated that the request had been "made of record."

The District Court in a detailed opinion considered that the presence of these documents in the files of the Veterans' Administration was evidence of the fact that the veteran executed the request for change of beneficiary.

The District Court stated:

"There are many indications that the change of beneficiary was properly made and is free of the infirmities set up in the claims of the mother."

It also stated:

"In this case the Court has been greatly concerned to see to it that a fair and full disclosure of proof may be adduced to ascertain to whom this deceased soldier wanted his insurance paid. The Court feels that such has not been done and for this, and the reasons heretofore set out, the motion for a new trial is granted."

As declared by the Fourth Circuit in Aetna Casualty & Surety Co. v. Yeatts, supra, 122 F.2d at page 352, Judge Parker writing the opinion:

"It is the duty of the judge to set aside the verdict and grant a new trial, if he is of opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice * * *."

We conclude that under this record we cannot hold that there is no "tenable ground" for the granting of a new trial. The District Court did not abuse its discretion.

The order of the District Court is affirmed.