Shelby V. WILLIAMS and Horney Livestock, Incorporated, Appellants,

v.

Joseph E. NICHOLS, Appellee.

No. 7785.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 22, 1959.

Decided April 10, 1959.

**390**

John L. Walker and John H. Thornton, Jr., Roanoke, Va. (Woods, Rogers, Muse & Walker, Roanoke, Va., on the brief), for appellants.

Evans B. Jessee and Arthur E. Smith, Roanoke, Va., for appellee.

Before HAYNSWORTH, Circuit Judge, and PAUL and BOREMAN, District Judges.

BOREMAN, District Judge.

This appeal pertains to an action for personal injuries in the District Court for the Western District of Virginia, wherein liability was admitted and the only issue for determination by the jury was the amount of damages. The jury awarded the plaintiff damages in the amount of $35,000. The defendants thereupon moved to set aside the verdict and grant a new trial or, in the alternative, for a remittitur. The District Court denied the defendants' motion and entered judgment for the plaintiff on the jury's verdict, from which action of the Court the defendants now appeal.

In their motion to set aside the verdict and to grant a new trial, the contentions of the defendants were in substance and effect as follows: That the verdict was excessive, the award of $35,000 being contrary to the weight of the evidence; that the defendants were, under the circumstances, improperly forced into the trial of the case when their motion for a continuance was denied; and that the trial judge erred when he referred to $75,000, the amount sued for, in his charge to the jury, thereby inviting an excessive verdict.

The last contention has not been urged by the appellants before this court, their counsel expressly stating in oral argument that the point had been abandoned. We will, in passing, note that the reference by the judge, in the charge to the jury, to the amount for which action is brought has been the subject of some judicial disapprobation. It has been held that such reference by the Court to a specific amount is totally unnecessary, may unduly impress that figure upon the minds of the jurors immediately prior to their retiring to deliberate and may be construed as an indication of the judge's opinion as to the proper amount of damages. See Botta v. Brunner, 1958, 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331, and authorities therein cited. However, there is authority to the effect that such instruction does not constitute reversible error when the elements of damages have been otherwise properly defined in the charge. See Chesapeake & O. Ry. Co. v. Carnahan, 1915, 118 Va. 46, 86 S.E. 863, affirmed

1916, 241 U.S. 241, 36 S.Ct. 594, 60 L.Ed. 979; Newport News Pub. Co. v. Beaumeister, 1906, 104 Va. 744, 52 S.E. 627; Keathley v. Chesapeake & O. Ry. Co., 1919, 85 W.Va. 173, 102 S.E. 244. See also Hoffschlaeger Co. v. Fraga, 9 Cir., 1923, 290 F. 146.

■ Appellants contend that the trial court erred in refusing to grant their motion for a continuance and that such refusal contributed to the excessive verdict. The facts in this connection are as follows: The defendants' only witness was Dr. Reverdy H. Jones, who had examined the plaintiff on two occasions, at defendants' request, and had been advised of the date set for trial. Counsel for defendants made no effort to summon Dr. Jones as a witness until approximately one week before the trial date and, when such attempt was made, it was discovered that Dr. Jones was out of the jurisdiction on vacation. Only three days before the date set for trial, defendants' counsel notified the Court of the unavailability of Dr. Jones as a witness and moved for a continuance. Counsel for the plaintiff knew that Dr. Jones had prepared a written report of his examination of the plaintiff and proposed that such written report might be read to the jury as evidence without objection on their part, thus waiving their right to cross-examination. The Court then indicated that it would deny the motion for a continuance. While there is dispute as to whether the defendants were satisfied with that proposed procedure, they made no objection on the record and elected to proceed with the trial rather than to stand on their motion. In fact, none of the discussion or occurrences with respect to the motion for continuance was transcribed for the record. The report of Dr. Jones was read to the jury as evidence and, now that the defendants are disappointed with the amount of the verdict, they choose to label as prejudicial error that to which they, at least impliedly, agreed. It appears that the defendants are in no position to thus complain at this stage. In fact, even if they were in such position, it would be very difficult to determine whether the absence of Dr. Jones and the reading of his report in lieu of his oral testimony was detrimental or beneficial to the defendants. Under the method pursued, there was no opportunity for the plaintiff to cross-examine the doctor and his report stood as direct and positive evidence. Had Dr. Jones been exposed to cross-examination, it is possible that his testimony might have been weakened or even completely discredited in the minds of the jurors. Under the circumstances, we find no error in the exercise of the trial court's discretion in refusing to grant the motion for a continuance.

■ Defendants contend that the denial of their motion for a continuance was particularly harmful in view of the fact that the testimony of Dr. Bailey, plaintiff's witness, was more favorable to the plaintiff than the defendants had been led to believe from Dr. Bailey's written report and oral report to defendants' counsel prior to the trial. We find no merit in this contention. It could not properly be urged that this circumstance, in itself, constituted reversible error in view of the fact that there was no objection or indication of surprise at the trial, nor was Dr. Bailey's report even used on cross-examination to contradict his direct testimony. Indeed, there is no evidence in the record of the content of said pretrial written or oral report by Dr. Bailey.

■ There remains a contention by the appellants that the trial court erred in denying their motion for a new trial on the ground of excessiveness of the verdict. It seems perfectly clear that a motion for a new trial in a Federal Court is addressed to the sound discretion of the trial judge and his action thereon is not reviewable as to an error of fact except in a case of clear abuse of discretion or in the most exceptional circumstances. Turner v. United States, 6 Cir., 1956, 229 F.2d 944; Daffinrud v. United States, 7 Cir., 1944, 145 F.2d 724; Aetna Cas. & Sur. Co. v. Yeatts, 4 Cir., 1941, 122 F.2d 350; General American Life

Ins. Co. v. Central Nat. Bank of Cleveland, 6 Cir., 1943, 136 F.2d 821, 823 (dictum).

■ However, the reluctance to disturb the action of a District Court upon a motion for a new trial for error of fact does not exist where the error is one of law. General American Life Ins. Co. v. Central Nat. Bank of Cleveland, supra; Youdan v. Majestic Hotel Management Corp., 7 Cir., 1942, 125 F.2d 15. In other words, so long as the trial judge has committed no error of law in passing upon such a motion, his action will not normally be disturbed.

Apparently the trial judge has, in this case, committed an error of law in that he has applied the wrong standard in his consideration and disposition of defendants' motion. The approach of the trial court is clearly shown by the following statement in his memorandum decision:

"The jury having found a verdict for the plaintiff, the Court, *in passing on the motion, must consider the evidence most favorable to the plaintiff and, considering the evidence in this light,* the Court is of the opinion that the defendant's motion should be denied." (Emphasis supplied.)

That the trial judge considered the evidence in the light most favorable to the plaintiff is disclosed by the recital, in the memorandum decision, of the facts pertinent to the nature, extent and duration of the plaintiff's injuries. Under the heading, "Excessive Verdict", we find the following in the memorandum decision:

"The plaintiff was an able-bodied, hard working man 53 years of age earning $1.60 per hour. Since the accident he had lost 8 to 10 pounds, is in constant pain, suffers constantly from severe headaches, is highly nervous and, although he is still working, he is unable to do his normal duties and *his doctor is of the opinion* that he should not be working at all. While he is only 53 years old, his physical condition has changed so that he is the equal of men 65 to 67 years old. As a result of his injuries, he suffered a whiplash, a moderate neck strain or pulling or straining of the muscles and ligaments, a lumbar sacro strain, and as a result of these injuries, a prior slight hypertension has been aggravated to a degree that *his doctor is of the opinion* he should be under medical care and observation for the rest of his life." (Emphasis ours.)

The foregoing statement was a summarization of the stated opinions and conclusions of the plaintiff's medical witnesses, particularly those of Dr. Bailey, and ignored completely the evidence of the defendants, i. e., the report of Dr. Jones.

The trial judge further stated:

"It can be assumed that juries are cognizant of the constantly diminishing value of the dollar, and that they take this fact into consideration in arriving at a dollar value of one's injuries."

■ Clearly the District Court applied the standard applicable to consideration and disposition of a motion for a directed verdict or for a judgment n. o. v., rather than the one applicable to consideration and disposition of a motion to set aside the verdict and grant a new trial. As stated in the widely cited, quoted and followed case of Aetna Cas. & Sur. Co. v. Yeatts, supra [122 F.2d 352],

"The motion to set aside the verdict and grant a new trial was a matter of federal procedure, governed by Rule of Civil Procedure 59 and not subject in any way to the rules of state practice. On such a motion it is the duty of the judge to set aside the verdict and grant a new trial, if he is of opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent

the direction of a verdict. The exercise of this power is not in derogation of the right of trial by jury but is one of the historic safeguards of that right."

The distinction between the governing standard in considering a motion to direct a verdict (or for a judgment n. o. v.) and that in considering a motion to grant a new trial was clearly stated in the case of Felton v. Spiro, 6 Cir., 1897, 78 F. 576, 582, and quoted with approval in General American Life Ins. Co. v. Central Nat. Bank of Cleveland, supra, 136 F.2d at page 823, as follows:

"* * *, the mental process in deciding a motion to direct a verdict is very different from that used in deciding a motion to set aside a verdict as against the weight of evidence. In the former there is no weighing of plaintiff's evidence with defendant's. It is only an examination into the sufficiency of plaintiff's evidence to support a burden, ignoring defendant's evidence. In the latter, it is always a comparison of opposing proofs."

In passing upon the motion for a new trial and in considering the evidence in the light most favorable to the plaintiff, the trial court applied the standard applicable to a motion for a directed verdict or judgment n. o. v., rather than exercising his own independent judgment after a weighing of *all* the evidence and any other pertinent factors in determining whether the verdict was against the clear weight of the evidence or would result in a miscarriage of justice. See the discussion by Judge Sobeloff concerning this distinction in McCracken v. Richmond, F. & P. R. Co., 4 Cir., 1957, 240 F.2d 484, 488. See also Snead v. New York Cent. R. Co., 4 Cir., 1954, 216 F.2d 169; Hawkins v. Sims, 4 Cir., 1943, 137 F.2d 66; Roedegir v. Phillips, 4 Cir., 1936, 85 F.2d 995; Garrison v. United States, 4 Cir., 1932, 62 F.2d 41. As was held in the case of Magee v. General Motors Corp., 3 Cir., 1954, 213 F.2d 899, the application of the wrong standard in the disposition of the motion for a new trial amounted to an abdication of the judge's function with respect to that motion.

The case is accordingly remanded for reconsideration of the motion to set aside the verdict and for a new trial, not in the light most favorable to the plaintiff, but according to the analysis and appraisal by the *trial court* of the weight of all the evidence, considering also any other relevant factors.

Judgment vacated and case remanded for reconsideration in accordance with this opinion.

PAUL, District Judge (concurring in the result).

I concur in the result reached in the majority opinion, but feel that it should have dealt more definitely with the question of the reference in the trial judge's instructions to the amount named in the *ad damnum* clause of the complaint.

This was a case of admitted liability where the only question was the amount of damages to which the plaintiff was entitled. The Court first directed the jury to find a verdict in favor of the plaintiff and then, after enumerating the various elements of damages which the jury should consider, told it to fix the damages at such amount as it believed to have been proven "not to exceed the sum of $75,000, the amount sued for in this case."

Such an instruction is, in my opinion, distinctly prejudicial to a defendant, and particularly so where, as in this case, the only question for decision was the amount of damages. Coming as the final words in the Court's instructions, the jury takes up consideration of its verdict with a definite sum in mind and with the implication that the Court is of opinion that the evidence warrants an assessment up to the amount named. As said in Otto v. Milwaukee, etc., Ry., 148 Wis. 54, 134 N.W. 157, 160, wherein an instruction of this nature was condemned:

"What other conclusion could they (the jury) reasonably have come to? They must have thought that the

limit of $5,000 was mentioned for some purpose of an obligatory nature."

There is no sound reason why the jury should be informed, either by counsel or the Court, of the damages named in the complaint. It is a matter of common knowledge that ordinarily in a tort case, the damages laid in the complaint are in an amount arbitrarily chosen, greatly exaggerated, and having little, if any, value as a measurement of the damage actually suffered. It is being charitable to say that at best they represent the plaintiff's own opinion of what damage he has suffered. But neither the plaintiff nor anyone else would be allowed to go on the witness stand and testify as to his monetary estimate of the plaintiff's damages. This being so it is certainly objectionable to get the same estimate before the jury by the unsworn statements of counsel in the course of argument. It is even more harmful, because of the greater weight given it by the jury, when it comes from the bench in the Court's instructions. The basic evil is that it gives the jury the impression that the amount sued for (the plaintiff's own estimate) is significant and to be considered as a factor in arriving at such award as the jury may make.

With such an instruction it is difficult to see how a court could, with consistency, set any verdict aside as excessive so long as it came within the amount sued for. No matter how trivial the injury nor how exaggerated the amount of damage claimed no court could logically set aside as excessive an award in the full amount named in the *ad damnum* when it had, only a few minutes before, told the jury that it was free to find a verdict in that amount.

I am aware that in many of the state courts in Virginia instructions frequently include language similar to that used in the instant case, and that it has been held not to constitute error. At the same time I know of no decision which holds it erroneous to refuse such an instruction. However that may be, the form of instructions is not a matter in which Federal Courts are bound to follow state practice. For the past twenty years or more instructions in the language here in question have not been given in the district wherein this case arose and when tendered have been denied. And this is believed to be in line with the present trend of opinion on the subject. See Botta v. Brunner, 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331.

I think the time has come for this court to express its disapproval of instructions in such form.