Mrs. Melba J. CRAVEN, Administratrix of Donald Price Craven, Deceased, Plaintiff,

v.

ASSOCIATED TRANSPORT, INC., Green Construction of Indiana, Inc., William R. Lewis and Clarence Earl Norris, Defendants.

Civ. A. No. 5035.

United States District Court
D. South Carolina,
Anderson Division.

April 5, 1966.

---

H. Ballenger, Walhalla, S. C., for plaintiff.

W. H. Arnold, William M. Hagood, III, Greenville, S. C., for defendants Associated Transport, Inc. and William R. Lewis.

Wilburn C. Gable, Jr., of Watkins, Vandiver, Kirven & Long, Anderson, S. C., and Edward C. Cushman, Jr., of Henderson, Salley, Cushman & Summerall, Aiken, S. C., and Curtis V. Kimmell, of Kimmell, Kimmell & Funk, Vincennes, Ind., for defendants Green Construction of Indiana, Inc. and Clarence Earl Norris.

HEMPHILL, District Judge.

Defendants' motion to strike from the complaint paragraph [1] thereof and the portion of the prayer asking damages "in the sum of $500,000.00" precipitates this court's ruling thereon. Plaintiff, in her fiduciary capacity, seeks damages for the wrongful death [2] of her husband wage-earner for the benefit of herself and two minor children ages 4 and 2. The cause of action is negligence arising out of a wreck of motor vehicles.

Defendants rely on 28 U.S.C. rule 12(f) [3] as their portal to relief, contending that it would be improper for the court to advise the jury as to the amount of the ad damnum clause of the complaint. They argue that the practice of telling the jury, and allowing the complaint to go to the jury containing, a statement of the amount demanded is an unwarranted intrusion into the domain of the jury. Defendants cite Williams v. Nichols, 266 F.2d 389 (4th Cir. 1959).

Because the *Williams* decision is of the parent-appellate of this court, the fact that the observations which are pertinent

Claude R. Ross, Baxter H. Finch, of Ross & Finch, Atlanta, Ga., and William

1. "Plaintiff has been injured and damaged in the sum of $500,000, by reason of the facts herein alleged."

2. S.C.Code Ann. § 10–1951 (1962).

3. "The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

here were not issues raised on that appeal does not minimize their impact. In the words of the opinion writer, Judge Boreman:

> The last contention (that the trial judge erred when he referred to $75,000, the amount sued for, in his charge to the jury, thereby inviting an excessive verdict) has not been urged by the appellants before this court * *. We will, in passing, note that the reference by the judge, in the charge to the jury, to the amount for which action is brought has been the subject of some judicial disapprobation. It has been held that such reference by the Court to a specific amount is totally unnecessary, may unduly impress that figure upon the minds of the jurors immediately prior to their retiring to deliberate and may be construed as an indication of the judge's opinion as to the proper amount of damages. See Botta v. Brunner, 1958, 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331, and authorities therein cited.

Panelist District Judge Paul noted in his concurring opinion:

> There is no sound reason why the jury should be informed, either by counsel or the Court, of the damages named in the complaint. It is a matter of common knowledge that ordinarily in a tort case, the damages laid in the complaint are in an amount arbitrarily chosen, greatly exaggerated, and having little, if any, value as a measurement of the damage actually suffered. It is being charitable to say that at best they

represent the plaintiff's own opinion of what damages he has suffered. But neither the plaintiff nor anyone else would be allowed to go on the witness stand and testify as to his monetary estimate of the plaintiff's damages. This being so it is certainly objectionable to get the same estimate before the jury by the unsworn statements of counsel in the course of argument.

Rule 8(a) [4] of the Federal Rules of Civil Procedure gives general guidelines of complaints in Federal District Courts. Plaintiff argues compliance in her statement of demand for the money relief to which she deems herself entitled. Mindful of the rule of construction [5] given to this court, this Federal action is examined.

> The one civil action under the rules is used to vindicate any civil power the court has. The demand for judgment forms no part of the claim for relief, and does not restrict the relief to be granted against those appearing and defendant; as against such parties the final judgment must grant all the relief to which plaintiff is entitled, whether or not demanded in the pleadings.[6]

■ This court will take judicial notice of the long-used practice in the courts of the State of South Carolina, in civil actions at law, to submit the complaint to the jury for reference, not evidence, and that those complaints contained a customarily accepted, almost judicially unquestioned, statement of the total money demand. It was, and is, the prac-

---

4. Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

5. Rule 8(f) reads: All pleadings shall be so construed as to do substantial justice.

6. Wright, Federal Courts, § 67 at 246 (1963), citing Fanchon & Marco, Inc. v. Paramount Pictures, 202 F.2d 731, 36 A.L.R.2d 1336 (2 Cir. 1953).

tice in State courts, to advise, by official charge of the court, that the maximum amount recoverable is that stated in the complaint. This court had previously recorded, and ratified as to use and authenticity subsequent to the hearing of this motion, the usual charge of the South Carolina trial jurist on the subject of damages in wrongful death action.

> If you find that the plaintiff is entitled to recover against the defendant, such damages should be given as you think proportioned to the injury resulting from the death to the parties, for whose benefit the action is brought, and you should ascertain as nearly as possible the reasonable value of the life of the intestate to such parties, and in doing so, should consider evidence as to the age of the intestate, his probable expectation of life and his earning capacity, if there be such in the case, and award such sum as would be a reasonable measure of the actual value of his life to those for whose benefit the suit is brought. You may also consider loss of society and companionship, grief and anguish suffered by the beneficiaries by reason of this death, if such is established by the evidence.

An examination of the practice in other states reveals a diversity of opinion on this issue.

In their "handbook [7] of practical information on the day-to-day problems of Federal jury trials" the authors include:

§ 76.01 Damages Claimed for Personal Injuries.

> The plaintiff alleges that by reason of his claimed injuries, proximately resulting from the accident involved in this case, he has sustained general damages in the sum of $—— and has lost

an additional sum of $—— on account of [List special damages claimed.]

> These allegations are not evidence of course, but merely the extent of the plaintiff's claims, and must not be considered by you as evidence in the case.

§ 76.02 Maximum Limit of Damages.

> The allegations of the complaint as to the amount of damage plaintiff claims to have suffered are not to be considered, except that the damage claimed does fix a maximum limit, and the jury may not award plaintiff more than the amount claimed.

■ Keeping the practical aspects of jury instruction responsibility in mind, this court is reminded of the mandate of Rule 54(c) [8] (on judgments). The meaning of the language has been clearly interpreted: [9]

> A different principle is stated, however, in Rule 54(c), for non-default cases. Here the judgment is not limited in kind or amount by the demand for relief, but may include whatever relief the successful party is entitled to, regardless of demand. This is in accord with the general theory of Rule 15(c), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. * * * The party may be awarded damages in excess of those he demanded in his pleading, or may be awarded a different kind of relief than that requested.

It therefore appears, under Rules 54(c) and 15(c) that informing the jury of the ad damnum clause serves no useful purpose. It therefore appears that, if defendant objects, in those cases where the damages are not fixed, as in actions ex

---

7. Federal Jury Practice and Instructions, 1965 Ed.—by Mathes and Devitt.

8. "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to

which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleading."

9. Wright, Federal Courts, § 98 at 381, 382 (1963).

contractu generally, that sending a complaint to the jury, with the ad damnum contained therein is improper. To this import is the leading case of Botta v. Bruner,[10] 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331 (1958); this court quotes with approval:

> However, we are unable to see wherein it serves any good or useful purpose to inform the jury, in instructing them upon the measure of damages, that they cannot allow or assess the damages in excess of the amount sued for, and named in the instruction * * *.

In Wendy v. McLean Trucking Co., 279 F.2d 958, 959 (2nd Cir. 1960) the opinion contained:

> "During the trial the judge allowed an amendment doubling the amount claimed in the ad damnum clause—a superfluous act under the civil rules and probably undesirable as giving undue emphasis to a matter of no importance once the parties were at issue."

■■ Defendants cannot complain, if the facts reveal, and the jury finds, damages in excess of the $500,000.00 figure of which they complained. See Collins v. Government of Virgin Islands, D.C., 236 F.Supp. 441 (1964); Nagler v. Admiral Corp., 2 Cir., 248 F.2d 319, 328 (1958); Couto v. United Fruit Co., 2 Cir., 203 F.2d 456 (1953). Indeed, if the trial court, or the appellate court finds, after the trial that, in the final analysis the case was thoroughly tried, and fairly submitted, to the jury, who can complain? For this court will take notice of the rule that the matter of assessment of reasonable compensation for wrongful death (and personal injuries) must be left to the traditional trier of the facts and cannot be gauged by any established graduated scale.

■ Motion of defendants granted.

And it is so ordered.

10. Cited in Williams v. Nichols, 266 F.2d 389 (4th Cir. 1959).