**G. P. BOYLESTON and F. P. Boyleston, Plaintiffs,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and Federal Land Bank of Columbia, Defendants.**

**Civ. A. No. 8736.**

United States District Court
D. South Carolina.

Aug. 3, 1966.

Marshall B. Williams, Orangeburg, S. C., for plaintiffs.

C. Walker Limehouse, Orangeburg, S. C., for Nationwide Mut. Fire Ins. Co.

Robert J. Jones, Columbia, S. C., P. Frank Haigler, Orangeburg, S. C., for Federal Land Bank of Columbia.

### ORDER

SIMONS, District Judge.

Founding their action upon losses allegedly covered by a fire insurance policy issued to them by Nationwide Mutual Fire Insurance Company, plaintiffs originally commenced this suit on June 28, 1965 against defendant Nationwide seeking to recover $12,000 for the loss of plaintiffs' dwelling, $4,800 for the loss of plaintiffs' personal property located therein, and $1,200 for additional living expenses incurred by plaintiffs as a result of the loss of their residence by the fire which occurred on June 27, 1964.

In answering the complaint defendant Nationwide admitted issuing to plaintiffs a three-year fire policy effective December 9, 1961, requiring annual premium payments on its anniversary date; defendant also admitted that a fire loss occurred to plaintiffs' dwelling and personal property, that it was duly notified of the loss and that it denied any liability to plaintiffs under said policy. Defendant also alleged that prior to the date of plaintiffs' fire loss, in accordance with the terms of its policy, it had cancelled said policy for non-payment of the annual premium which became due on or about December 9, 1963. Defendant's answer further alleged that its policy issued to plaintiffs contained a mortgagee loss payable clause in favor of the Federal Land Bank of Columbia, and if defendant is indebted to plaintiffs under the policy it is indebted to them jointly with the Federal Land Bank of Columbia, and asked the court to join the bank as a party to this action.

Subsequently the Federal Land Bank of Columbia by order of court was made a party-defendant to the action and it interposed an answer alleging that it was the owner and holder of a note and real estate mortgage over plaintiffs' real estate, including the dwelling allegedly destroyed by fire in plaintiffs' complaint, upon which there was a balance due of $10,082.33 as of November 8, 1965, together with interest accruing after November 8, 1965 at the daily rate of $1.52. Said defendant further asked that, if plaintiffs should recover from defendant insurance company under their fire policy, the proceeds be first applied to the payment of the balance due on its note and mortgage.

The case came on for trial before the court and a jury at the May 1966 term of the Orangeburg Division of this Court. The jury returned a verdict in favor of plaintiffs against defendant Nationwide Mutual Fire Insurance Company for the sum of $18,000 on May 18, 1966. Judgment for said sum was thereafter entered in favor of plaintiffs and the Federal Land Bank of Columbia as their interests may appear.

Thereafter, within due course defendant Nationwide moved "to set aside the

verdict of the jury and to enter judgment in favor of the defendant in accordance with its motion for a directed verdict, or, if the foregoing motion be denied, to set aside the verdict and the judgment entered thereon and grant defendant a new trial" upon the following grounds: (1) that the jury's verdict was contrary to the clear weight of the evidence and that a new trial should be granted by the court in order to prevent a miscarriage of justice; (2) that the court committed prejudicial error in its instructions to the jury relative to the burden of proof placed upon the defendant in reference to the cancellation by it of its insurance policy in question; (3) that the jury's verdict wherein it awarded plaintiffs $1,200 for "additional living expenses" was not supported by any evidence upon which the jury could make such an award, or that the testimony relative to such expenses was speculative and conjectural and that the court should require plaintiffs to remit from the verdict said sum of $1,200; (4) that the court should require plaintiffs to remit from the verdict the sum of $128 representing the third anniversary premium on the fire policy which plaintiffs admittedly never paid to defendant.

At the hearing in Columbia on June 3, 1966 the matter was fully argued by counsel for the parties. Plaintiffs' counsel reminded the court that no provision for interest had been made in the judgment entered upon the jury's verdict and asked that plaintiffs be awarded prejudgment interest insofar as they are determined to be entitled to same by the court. Counsel for the parties were in agreement that the allowance of interest is a legal matter to be properly resolved by the court. Subsequent to the hearing counsel for defendant Nationwide submitted written briefs and arguments supporting the defendant's contentions relative to its motion for a judgment *non obstante veredicto,* or in the alternative for a new trial absolute, or new trial *nisi.* Counsel also submitted a brief relative to plaintiffs' right to prejudgment interest.

The court has fully considered and reviewed the record and evidence, its charge to the jury, and the able arguments and briefs of counsel for the parties.

In considering the various aspects of defendant's motion the court is mindful of the provisions of Rule 59 of the Federal Rules of Civil Procedure giving district judges the power to grant new trials in proper cases and the guidelines for such action enunciated by the Fourth Circuit in Aetna Casualty & Insurance Company v. Yeatts, 122 F.2d 350, and Williams v. Nichols, 266 F.2d 389, where verdicts are so excessive as to be found to result from caprice or prejudice, or are against the clear weight of the evidence, or to permit them to stand would result in a miscarriage of justice. The court here must weigh all of the evidence with the view of determining whether the jury's verdict is against the clear weight thereof, or whether to permit such verdict to stand would result in a miscarriage of justice.

In my judgment there is more than ample evidence to support the jury's verdict awarding plaintiffs $18,000 for their alleged fire losses resulting from the fire of June 27, 1964. The agreed evaluation of plaintiffs' dwelling contained in said fire policy was $12,000, and under the provisions of Section 37–154 [1] of the 1962 South Carolina Code of

---

1. "§ 37–154. *Maximum amounts of policies; stated values; contributions by co-insurers.*—No company writing fire insurance policies, doing business in this State, shall issue a policy for more than the value stated in the policy or the value of the property to be insured, the amount of insurance to be fixed by the insurer and insured at or before the time of issuing the policy. In case of total loss by fire the insured shall be entitled to recover the full amount of insurance, and in case of a partial loss the insured shall be entitled to recover the actual amount of the loss, but in no event more than the amount of the insurance stated in the contract. But if two or more policies are written upon the same property, they shall be deemed and held to be contributive insurance, and if the aggregate sum of all such

Laws if the jury found that plaintiffs were entitled to recover anything they were required as a matter of law to return a verdict for the full amount of the agreed evaluation of said dwelling in the event it was totally destroyed in the fire. The uncontradicted evidence established that plaintiffs' residence was a total loss as a result of the fire, hence the award to plaintiffs of $12,000 for the loss of their dwelling is proper.

As to plaintiffs' personal property loss which was covered by a limit of $4,800 in said policy, the evidence was quite sufficient to substantiate a finding that plaintiffs' personal property loss in the fire was considerably more than the maximum coverage of $4,800.

As to the additional living expense coverage of the policy providing for a maximum limit of $1200 plaintiffs' testimony revealed that they spent much more than that sum in repairing a building located on their pond which was used by them for many months as a temporary residence. Furthermore, one of the plaintiffs testified that substitute living accommodations comparable to their destroyed residence, which were not in fact available at that time, would have rented for at least $125 to $150 per month. Thus, considering all of the evidence as to plaintiffs' additional living expenses I am compelled to the opinion that the jury was fully warranted in finding for the plaintiffs the maximum amount of $1200; and that the testimony thereabout was not so speculative, conjectural, or inadequate as to require a remission of such amount from the jury verdict.

I therefore conclude that the jury's verdict was not against the clear weight of the evidence, and to let such verdict stand would not result in a miscarriage of justice.

■ Neither am I persuaded that the court's charge to the jury as to the burden of proof imposed upon defendant Nationwide in reference to its cancellation of the policy in question when considered as a whole, resulted in any prejudicial error to said defendant.

■ Plaintiffs have admitted that they have not paid defendant Nationwide the $128 representing the annual renewal premium for the policy year December 9, 1963 to December 9, 1964. Inasmuch as the jury found that the plaintiffs have suffered losses under the policy in the maximum amounts of its coverage, the annual premium for that policy year thereby became fully earned. Thus, plaintiffs are indebted to defendant Nationwide for said sum and the defendant is entitled to a setoff in that amount.

■ As to the question of interest, plaintiffs are entitled to prejudgment interest at the rate of six percent per annum from the date their suit was filed on July 28, 1965 [2] until paid on the sum of $12,000 which was the agreed evaluation of plaintiffs' dwelling and which is a liquidated amount. As to the prejudgment interest on the $4800 and the $1200 included in the jury's verdict for plaintiffs' personal property and additional living expense losses, respectively, these amounts were unliquidated and in dispute between plaintiffs and defendant, the burden being upon plaintiffs to prove the amount of such losses upon trial. Therefore the court concludes that plaintiffs are not entitled to any prejudgment interest on said sums, but would be entitled to interest on said amounts from date of the entry of the judgment.

insurance exceeds the insurable value of the property, as agreed by the insurer and the insured, each company shall, in the event of a total or partial loss, be liable for its prorata share of insurance. Nothing in this section shall be held to apply to insurance on chattels or personal property."

2. Ordinarily the court would allow interest on the amount of the agreed evaluation of

$12,000 from the date that Nationwide advised plaintiffs that it denied such liability under its policy, since this was a liquidated and agreed sum; however, this exact date is not available in the record before the court, and for that reason the date of plaintiffs' commencement of the action has been adopted.

In view of the foregoing, it is, therefore,

ORDERED that defendant Nationwide's motion for judgment *non obstante veredicto,* or for a new trial absolute is hereby denied.

It is further ORDERED that said defendant is entitled to a setoff in the amount of $128 against the jury verdict and consequently plaintiffs shall remit said amount upon the record from the judgment in this case within fifteen days from the date hereof, and upon their failure to do so defendant Nationwide is hereby granted a new trial.

It is further ORDERED that plaintiffs be awarded prejudgment interest at the rate of six percent per annum on $12,000 from June 28, 1965 to the date of the entry of the judgment in this case; and they are further awarded interest at said rate from the date of entry of said judgment until paid on the full amount of $18,000 awarded to plaintiffs by the jury.

Let judgment be entered accordingly.