Charles S. McGOWAN, as Administrator of the Estate of Mary Louise McGowan, deceased, Appellant,

v.

Thurston M. GILLENWATER and Terry L. Gillenwater, Appellees.

No. 14212.

United States Court of Appeals, Fourth Circuit.

Argued July 21, 1970.

Decided July 29, 1970.

the controversy, and rarely do they have any evidentiary value. The appellant's contention concerning the *per diem* argument was never properly presented to the district judge, and it cannot be raised at this time.

The judgment is affirmed.

Henry Hammer, Columbia, S. C. (Cromer & Louthian and Herbert M. Meeting, Columbia, S. C., on the brief), for appellant.

John W. Thomas, Columbia, S. C. (Wayne F. Rush and Roberts, Jennings & Thomas, Columbia, S. C., on the brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

The appellant seeks a new trial on the issue of damages in this personal injury case. With respect to the principal assignments of error, we affirm for the reasons stated in the district judge's opinion.

The appellant also contends that the district judge erred in striking the *ad damnum* clause of the complaint and in refusing to allow a *per diem* argument on the question of damages. We find the district judge did not abuse his discretion in barring from the jury the amount of damages alleged in the complaint. This was no part of the proof, and it had no role to play in the jury's consideration of the case. Williams v. Nichols, 266 F.2d 389 (4th Cir. 1959); Craven v. Associated Transport, Inc., 40 F.R.D. 8 (D.S.C.1966). Indeed the better practice ordinarily is to withhold all pleadings from the jury. The function of the pleadings is to notify court and counsel of the bare bones of