804 F.2d 1250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Howard EISNER and Suzanne Eisner, Plaintiffs-Appellants,
v.
Frank Joseph BERTA, Jr., Defendant-Appellee.
 No. 86-1137.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1986.
Decided Nov. 11, 1986.
 
 Howard Eisner, Suzanne Eisner, appellants pro se.
 Michael Lee Zimmerman, for appellee.
 E.D.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr. District Judge. (C/A No. 85-1210-A)
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Howard and Suzanne Eisner, Maryland residents, filed this personal injury suit against defendant Frank J. Berta, Jr., a Virginia resident, for damages arising from a rear-end collision on the Capital Beltway in Maryland. The Eisners alleged in their complaint that Berta was negligent when his foot slipped off the brake pedal and that such negligence was the proximate cause of their injuries. The jury returned a verdict in favor of Berta. The Eisners then moved for a new trial, and the district judge denied the motion, finding that the verdict was not contrary to the weight of the evidence. This appeal followed.
 
 
 2
 The Eisners first contend that the district court abused its discretion in refusing to grant them a new trial. We disagree.
 
 
 3
 It is settled that a trial judge has the duty to set aside a jury verdict and grant a new trial "if he is of the opinion that the verdict is against the weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice." Williams v. Nichols, 266 F.2d 389, 392 (4th Cir.1959) (quoting Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 352 (4th Cir.1941)). See also Wyatt v. Interstate & Ocean Transport Co., 623 F.2d 888, 891-92 (4th Cir.1980). Moreover, this Court will not reverse the grant of a new trial unless it finds an abuse of discretion. Abasiekong v. City of Shelby, 744 F.2d 1055, 1059 (4th Cir.1984). After reviewing the record, we cannot say that the district court abused its discretion in refusing to grant a new trial.
 
 
 4
 The Eisners next contend that the district court erred in admitting into evidence photographs of their car. Prior to trial, counsel for the Eisners filed written objections to the admission of the photographs on the grounds that they were not identified in discovery and were not disclosed until the date of the final pretrial conference. At trial counsel renewed its objections, but the district judge overruled them. On appeal, the Eisners raise these objections as well as the objection that the photographs misled the jury as to the true damage to their car in that they were dim and of poor quality.
 
 
 5
 Under Fed.R.Evid. 403, a trial court has wide discretion and its determination to admit or exclude evidence will not be reversed except under the most "extraordinary" of circumstances. United States v. Heyward, 729 F.2d 297, 301 n. 2 (4th Cir.1984), cert. denied, ---- U.S. ----, 53 U.S.L.W. 3483 (Jan. 8, 1985). Under Fed.R.Evid. 103(a)(1), moreover, error in the admission of evidence is harmless if it does not affect a party's substantial rights, and the party asserting the error has the burden of showing that substantial rights were affected. K-B Trucking Co. v. Riss International Corp., 763 F.2d 1148, 1156 (10th Cir.1985).
 
 
 6
 In the present case the Eisners failed to show that the district court abused its discretion or that the court's action affected their substantial rights. We therefore conclude that the district court acted well within its discretion in admitting the photographs.
 
 
 7
 The Eisners finally contend, and for the first time on appeal, that the district court erred in allowing defense counsel two recesses to locate witnesses. Generally, this Court will not consider issues not previously raised unless the error is "plain" and to ignore it would result in a denial of fundamental justice. Furka v. Great Lakes Dredge & Dock Co., 755 F.2d 1085, 1089 (4th Cir.), cert. denied, ---- U.S. ----, 54 U.S.L.W. 3225 (Oct. 8, 1985). Here we find no plain error.
 
 
 8
 Accordingly, we dispense with oral argument because it would not aid significantly in the disposition of this appeal, and affirm the district court's decision.
 
 
 9
 AFFIRMED.