842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dawn Michele Thomas PINSON, Plaintiff-Appellant,
v.
Diane SHAFER, M.D., Defendant-Appellee,
Williamson Appalachian Regional Hospital, Defendant.
 No. 87-2064.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1988.
Decided March 8, 1988.
 
 Gretchen O. Lewis (H. Truman Chafin, on brief), for appellant.
 Steven Kenneth Nord (John F. Wood; Wood, Grimm & Delp, on brief), for appellee.
 Before ERVIN and CHAPMAN, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Dawn Pinson fractured the left side of her jaw in a car wreck on June 5, 1982. Defendant-appellee Dr. Diane Shafer treated her negligently by wiring the right side of her jaw together the same day. Pinson sought further treatment from an oral surgeon, Dr. Topp, who surgically corrected Shafer's error on June 10. In a trial in which Shafer admitted negligence, the jury awarded Pinson $22,500. The district court ordered a new trial, finding the jury's verdict to be excessive. The second jury returned a verdict of $2,000. Pinson appeals. Finding no abuse of discretion, we affirm.
 
 
 2
 At the first trial, Pinson offered three witnesses, herself, Dr. Topp, and Dr. Williams, a nonexamining expert. Pinson sought damages for pain and suffering based on additional pain during the five day delay before Dr. Topp rewired her jaw, the risk of undergoing a second surgical procedure, and the general psychological trauma resulting from the incident. Her evidence did not include any proof of medical expenses, lost wages, permanent injury, or a longer convalescence period. Shafer cross-examined Pinson's witnesses, but offered no evidence of her own. The district court stated that "the most plaintiff's evidence established was four to five days of pain and suffering incurred by the improper wiring," found the jury's verdict of $22,500 to be excessive, and ordered a new trial. The sole issue on appeal is the new trial order.
 
 
 3
 The appellate review standard for the grant or denial of a new trial motion is whether the district court abused its discretion. Klein v. Sears Roebuck & Co., 773 F.2d 1421, 1428 (4th Cir.1985). Because it involves a conflict between the trial judge and the jury, however, the grant of a new trial is subject to "a somewhat broader review" than a denial. See United States v. Horton, 622 F.2d 144, 147 (5th Cir.1980). Still, we review only for an abuse of discretion.
 
 
 4
 The general standard guiding the district court's discretion calls for a new trial if the court "is of the opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice...." Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 352 (4th Cir.1941); see Abasiekong v. City of Shelby, 744 F.2d 1055, 1059 (4th Cir.1984); Williams v. Nichols, 266 F.2d 389, 392 (4th Cir.1959). The more specific standard relating to excessive verdicts requires a new trial if "a verdict is so excessive that it cannot be justified by anything in the record or of which the court can take judicial notice." Virginia Ry. v. Armentrout, 166 F.2d 400, 407 (4th Cir.1948); see Klein, 773 F.2d at 1428. This court has also stated that it is within the district court's "sound discretion to set the verdicts aside if he conceived them to be excessive without regard to a specific reason...." Arnold v. Eastern Airlines, 681 F.2d 186, 200 (4th Cir.1982), cert. denied sub. nom., Aetna Casualty & Surety Co. v. United States, 460 U.S. 1102 (1983).
 
 
 5
 In the instant case, the district judge was of the opinion that the initial verdict was not justified by the evidence, so he ordered a new trial. While we may not agree that the verdict was excessive, we cannot say that the new trial order was an abuse of discretion. Therefore, the judgment below is
 
 
 6
 AFFIRMED.