**GARRISON v. UNITED STATES.**
No. 3388.

Circuit Court of Appeals, Fourth Circuit.
Dec. 2, 1932.

W. D. Workman, of Greenville, S. C., for appellant.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C. (Davis G. Arnold and Lawrence A. Lawlor, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

Before PARKER and SOPER, Circuit Judges, and PAUL, District Judge.

PARKER, Circuit Judge.

This is an appeal in a war risk insurance case in which verdict was directed for the government. Premiums paid on the policy of insurance continued it in force until October 31, 1919. The only question presented by the appeal is as to the sufficiency of the evidence to establish total and permanent disability at that time. When the evidence is viewed in the light most favorable to plaintiff, as under the well-settled rule it must be on motion to direct a verdict against him, we think that it was sufficient to carry the case to the jury, and that the learned judge below erred in directing the verdict.

There is evidence tending to show that when plaintiff was discharged from the army he was suffering from tuberculosis, some affection of the heart, and psychoneurasthenia resulting from shell shock. The evidence is that he was not physically able to do any sustained manual labor and that his mental condition was such that he was unable to do lighter forms of work requiring the exercise of his mental faculties. There is evidence, it is true, that he did some irregular work for a few months on a farm and around the store of his father-in-law, and that, after his marriage, he stayed around a store which was run by his wife; but there is evidence which, if believed, shows that he was not able to do the farm work which he attempted, and that around the store he did practically nothing and was not mentally able to do anything. There is no work record to contradict those who testify to his mental and physical incapacity; and two physicians who examined him, one as early as the fall of 1919, testify positively to his total and permanent disability.

We do not think that the testimony as to the tuberculosis of plaintiff would have been sufficient of itself to take the case to the jury.

As has been pointed out in a number of recent cases, the mere fact that a man has tuberculosis does not necessarily mean that he is totally and permanently disabled. The tuberculosis may not result in total disability, and, even if it have this result temporarily, unless the condition is such as to preclude the possibility of arresting the disease, it cannot be said that the disability is permanent. Eggen v. U. S. (C. C. A. 8th) 58 F.(2d) 616. But in this case, there was the added element of psychoneurasthenia resulting from shell shock; and, if the testimony as to this is believed and taken in the light most favorable to plaintiff, his mental condition resulting therefrom was such as to render it impossible for him to pursue any substantially gainful occupation. Disability may result as well from the condition of the mind and nerves as from other causes. Where a man is so inattentive or forgetful as a result of mental disorder that he cannot be trusted to carry on even simple forms of work, he is as truly disabled from earning a livelihood as one who must refrain from work on account of the condition of his vital organs. The case at bar in so far as it relates to disability arising from mental condition is almost "on all fours" with U. S. v. Gower (C. C. A. 10th) 50 F.(2d) 370, where the question as to total and permanent disability was held to be one for the jury. See, also, U. S. v. Scott (C. C. A. 6th) 50 F.(2d) 773.

There may be difficulty in distinguishing between genuine cases of disability resulting from mental and nervous disorders and cases which are feigned, for statements as to inability to work on account of mental and nervous condition are easy to make and hard to refute. On the other hand, juries as a rule are composed of sensible men who are not easily imposed upon. They should be instructed, in cases such as this, that the testimony of an interested party and those related to him is to be carefully scrutinized, and that testimony as to mental condition based upon mere statements of the insured should be received with great caution, unless corroborated by evidence of physical condition which could give rise to mental disorder or by the testimony of competent and trustworthy physicians who are expert in the diagnosis and treatment of mental diseases. In addition to this, the trial judge should not hesitate to give the jury the benefit of his views as to the facts, leaving to them, however, the final determination of the issue. Then, if they return a verdict which in his opinion is clearly wrong, he should not hesitate to set it aside and grant a new trial.

There seems to be some confusion on the part of counsel as to the difference between the duty to direct a verdict and the duty to grant a new trial after verdict; and the contention is frequently made that the judge should direct a verdict whenever the evidence is such that he would be justified in setting the verdict aside. The distinction, however, is clear. Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based upon evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice. See Felton v. Spiro (C. C. A. 6th) 78 F. 576. Verdict can be directed only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so overwhelmingly so as to leave no room to doubt what the fact is. Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720. Verdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice. For a learned and exhaustive discussion of this subject, see the opinion of Judge Lurton in Mt. Adams & E. P. Inclined Ry. Co. v. Lowery (C. C. A. 6th) 74 F. 463.

For the reasons stated, we think that there was error in directing a verdict for the defendant. The judgment below will accordingly be reversed, and the case remanded for a new trial.

Reversed.