## UNITED STATES v. FITCH.
### No. 4503.

Circuit Court of Appeals, Fourth Circuit.
Nov. 6, 1939.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

R. K. Wise, of Columbia, S. C., and Warren E. Miller, of Washington, D. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### PER CURIAM.

This is an appeal in a war risk insurance case and the only question presented is whether verdict should have been directed for the government. Premiums paid kept the policy in force until January 1, 1919 and the question is whether there was substantial evidence to support the finding that insured became totally and permanently disabled prior to that date.

There is evidence that insured had influenza while at camp in the Fall of 1918; that following this he had shortness of breath and pains in the chest and was under observation and on November 2, 1918, was found to be suffering from functional cardiac disorder, with a pulse rate of 100 and two minutes after exercise of 120, dyspnea, pericardial pain, dizziness and tremor of hands. He was discharged from the army as disabled on November 8th. Following his discharge he returned home and remained in bed under care of a physician for six weeks. In 1919 he attempted to work on a farm, but was unable to do the work, being attacked with shortness of breath and pains in the chest and having to go to bed whenever he tried to work. He married early in 1919; and his wife worked on the farm, she and the neighbors doing his farm work for him. In 1920 and 1921 he attempted to farm on shares but was unable to work, his wife doing what was done. In 1922 he moved to the home of his father-in-law where he lived until 1934, when he moved to Lake City, S. C., so that his wife could get employment with the federal Works Progress Administration. In 1925 he was found to be suffering with myocarditis and has suffered with same ever since.

Without reviewing the evidence in detail, it is sufficient to say that it strongly tends to show that insured has been totally unable to work since his discharge from the army, that he has tried to work from time to time but has been unable to do anything on account of his physical condition and that his wife has had to make a living for him. A physician who has treated him since 1925 testified that he had been unable to work since that time, and that in his opinion if insured had come out of the army with functional cardiac disorder, shortness of breath and pain in the chest, he had not been able to work since his discharge. While there was some evidence in contradiction of the above, we think it was sufficient to take the case to the jury. Madray v. United States, 4 Cir., 55 F.2d 552; Garrison v. United States, 4 Cir., 62 F.2d 41; Hicks v. United States, 4 Cir., 65 F.2d 517.

Affirmed.