Swear the Bailiffs.

(Bailiffs were thereupon sworn and the jury retired to consider of its verdict.)

## UNITED STATES v. 34.5 ACRES IN OZARK COUNTY, MO. et al.

## UNITED STATES v. 665.87 ACRES IN TANEY COUNTY, MO. et al.

## UNITED STATES v. 2,530.8 ACRES IN OZARK COUNTY, MO. et al.

### Civ. A. Nos. 956, 988, 1010.

United States District Court
W. D. Missouri, S. D.

July 9, 1952.
On Motion Sept. 8, 1952.

Earl A. Grimes and William A. Collet, Kansas City, Mo., for plaintiff.

Rogers & Rogers, Gainesville, Mo., Gideon & Mahnkey, Forsyth, Mo., and Willis & Walker, Harrison, Ark., for defendants.

REEVES, Chief Judge.

■ Counsel for all the parties in the above cases have filed extensive briefs in support of and in opposition to the motions for a new trial. It becomes important for the court to examine carefully the verdicts returned in the above cases:

In Action No. 956, on Tract No. S-1802, the verdict of the jury was for $3,000. The commissioners' award was $2,035. The testimony of the witnesses at the trial vary from $1,200 to more than $4,000. Between these extremes the jury doubtless attempted to secure a compromise. The commissioners who made the award visited the property, and such commissioners were selected because of their intimate knowledge of values in that area. The court is impressed that the commissioners' award was fair and equitable and the court should direct a remittitur of $965 for the reason that the award of the commissioners seems more nearly in accord with the fair market value of the property. If the property owner should decline to accept a remittitur, then a new trial should be ordered.

In Action No. 988 there were two tracts. On tract T-1900 the commissioners' award was $2,000 whereas the verdict of the jury was $3,200. In like manner, there were extremes in the appraisal made by witnesses. The court was impressed that the award of the commissioners who viewed the property and who were familiar with values in that area reflected the fair market value. It should be the order of the court that the property owner grant a remittitur on this tract of $1,200, or otherwise a new trial will be granted.

In the same numbered action (988) the tract designated as W-2220- the award of the commissioners was $9,000 and the verdict of the jury was $14,000, $5,000 above the commissioners' award. Obviously this is excessive, for, as stated above, the commissioners were selected because of their expert knowledge of values in that area.

They viewed the premises and made an award of $9,000. From the testimony in the case this appears to be reasonable and the fair market value of the property. Accordingly, the property owner should be required to give a remittitur of $5,000, or otherwise a new trial will be granted.

In Action No. 1010, Tract S-1803, the commissioners' award was $230. The verdict of the jury was for $650. Again, this reflects an excesssive verdict. It is not reasonable for three freeholders of the vicinity who are familiar with the property both by inspection and otherwise, to fix a fair market value at less than one-half of the award returned by the jury. The testimony before the court was convincing that the award of the commissioners was approximately correct. The property owner in this case should be required to grant a remittitur of $420, or otherwise a new trial will be granted.

On Motions to Reconsider Order or in the Alternative Granting New Trials

Counsel for the property owners in the above cases have filed a well worded and carefully prepared motion to reconsider the order of July 9th last, in each of the above cases and they support same with an extensive and lucid brief.

Able counsel for the property owners have urged strong reasons why the motions to reconsider should be sustained and the order of the court heretofore made annulled. All of these have been carefully considered. It appears from the original memorandum filed in the case, dated July 9th last, that the court was justifiably of the opinion that the verdicts of the juries were excessive and clearly against the weight of the evidence, and that in the interest of justice a new trial should be granted unless the property owners complied with the order of the court and granted remittiturs.

The property owners now have refused to grant the remittiturs and it devolves upon the court to make an order granting a new trial and reasons therefor should be set out:

■ 1. As heretofore stated in the memorandum, the verdicts were based up-

on testimony greatly ·at variance as to the true value of the properties involved and the damages accruing to the property owners. The court was mindful of these extremes. The records in the cases show what the commissioners appointed by the court had considered the values of the properties to be and what awards of damages should be made. Since the testimony of the witnesses differed so widely on the values, the court was impressed that the evidence under such circumstances caused the jury to speculate and to conjecture as to what the damages actually were. While it was the province of the jury to assess damages yet it appears from the authorities to be the right of the court to consider carefully all of the circumstances and to determine whether the verdicts of the jury were against the weight of the evidence and whether an injustice would be effected if new trials were not granted.

 2. Judge Parker of the 4th Circuit in a very able opinion, in Garrison v. United States, 62 F.2d 41, loc. cit. 42, expressed the correct view on questions of new trials as follows:

"Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, * .* *. Verdict can be directed only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so overwhelmingly so as to leave no room to doubt what the fact is. * * Verdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this

action necessary to prevent a miscarriage of justice."

The same able jurist, in the case of Aetna Casualty & Surety Co. v. Yeatts, 4 Cir.; 122 F.2d 350, loc. cit. 352, 353, followed his reasoning in the Garrison case and supplemented it with an apt quotation from an opinion of the Supreme Court of Pennsylvania [Smith v. Times Pub. Co., 178 Pa. 481, 36 A. 296, 35 L.R.A. 819], as follows:

" 'The authority of the common pleas in the control and revision of excessive verdicts through the means of new trials was firmly settled in England before the foundation of this colony, and has always existed here without challenge under any of our constitutions. It is a power to examine the whole case on the law and the evidence, with a view to securing a result, not merely legal, but also not manifestly against justice,—a power exercised in pursuance of a sound judicial discretion, without which the jury system would be a capricious and intolerable tyranny, which no people could long endure. This court has had occasion more than once recently to say that it was a power the courts ought to exercise unflinchingly.' "

Judge Parker quoted further from the same opinion, as follows:

" 'When the verdict is rendered by the jury, it is to the court of which they are a part. It is recorded upon the minutes of the court, and becomes a part of the record of the trial; but it does not thereby become a judgment of the court, *unless the judge is satisfied with it, and specially or by general order or rule so directs.* (Emphasis mine.) He has a responsibility for the result no less than the jury, for it is his duty to see that right and justice are done, so far as this may be practicable in the particular case. If he is not satisfied with the verdict, it is his duty to set it aside, and grant a new trial before another jury. * * * Lord Holt states that the practice of granting new trials, as a means of correcting

the mistakes and relieving against the misconduct of juries, was in use much earlier than 1665, but accounts for its exercise not appearing in the books for the reason that, prior to that date, the action of the courts upon motions was not reported.'"

Judge Delehant of the Nebraska District Court sitting at Omaha followed the above principles in Rice v. Union Pacific R. Co., 82 F.Supp. 1002, and, in like manner, Judge Murphy of the Eastern District of Pennsylvania, in Cheffey v. Pennsylvania R. Co., 79 F.Supp. 252, followed the same principle.

3. The federal courts are bound by the principles of the common law. Moreover, Rule 59, Federal Rules of Civil Procedure, 28 U.S.C.A., specifically provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States".

It appearing, therefore, to the court, as heretofore suggested in its memorandum, that the verdicts of the jury in the above cases were clearly against the weight of the evidence and that to permit the verdicts to stand would result in a miscarriage of justice, it would follow that the court under such circumstances should grant a new trial in each of the above cases, and the same will be ordered.

4. Counsel for property owners have called attention to the fact that conditions have changed and that no inspection and views of the property could be made or had because covered by impounded waters. It has not been long since the cases were tried and the same witnesses may be called to testify. The property owners will not suffer from lack of evidence by reason of this situation.

5. An examination heretofore was made of the records, and it appears that the motions for new trials were timely filed and that the court properly considered the averments of the several motions. An order will be made granting new trials.