UNITED STATES of America,
Plaintiff,

v.

32.99 ACRES OF LAND IN COFFEY COUNTY, KANSAS, Curtis Abbey et al., and Unknown Owners, Defendants.

Civ. A. No. T-2713.

United States District Court
D. Kansas.

Nov. 8, 1962.

Clarence J. Malone, Asst. U. S. Atty., Topeka, Kan., for plaintiff.

L. R. Hannen, H. T. Horrell, Burlington, Kan., for defendants Curtis Abbey, Homer W. Mays and Gladys Mays, J. R. Noel and Phyllis E. Noel.

William A. Buckles, Burlington, Kan., for defendant T. B. Allen.

TEMPLAR, District Judge.

On September 8, 1961, on application of interested parties, the Court appointed a Commission pursuant to the provisions of subdivision (h) of Rule 71A of the Federal Rules of Civil Procedure. The Court specifically directed the Commission to determine the issue of just compensation.

Now, the Court is asked to review the condemnation proceedings held by the Commission at Burlington, Kansas, in regard to land owned by Curtis Abbey, J. R. Noel and Phyllis Noel, Homer W. Mays and Gladys Mays, and T. B. Allen. The condemned portion of the Curtis Abbey tract was designated as number 144E, the J. R. Noel and Phyllis Noel tract (hereinafter referred to as the Noel tract) was designated as number 149E, and the Homer W. Mays and Gladys Mays tract (hereinafter referred to as the Mays tract) was designated as number 151E. These three tracts were taken by the United States in accordance with an agreement that it had entered into with the County Commissioners of Coffey County. By the terms of this agreement the Government was to widen and improve an existing county road and this widening and improving done under this Agreement caused the problems which are involved herein with the first three landowners aforementioned.

### Curtis Abbey tract (144–E)

This tract consisted of 151.07 acre farm located approximately two and one-half miles from Burlington, Kansas and its best available use was for general agricultural purposes. The Government has acquired, by the exercise of its power of eminent domain, 6.46 acres for a road easement upon a part of said farm. After this taking, some 12 to 14 acres in the northeast corner of the tract was divided by the road. The

Commission found in regard to this tract taken that the landowner is entitled to an award of $3,369.00 and that $2400.00 of this amount should be allocated to severance.

## Noel tract (149–E)

This tract consists of a single tract 320 acre farm located east of the Curtis Abbey tract, and its best available use was for general agricultural purposes. The Government has acquired, by the exercise of its power of eminent domain, 2.28 acres for a road easement upon a part of said farm. The Commission found in regard to this tract that the landowners are entitled to an award of $956.00 and that $500.00 of this amount should be allocated to severance.

## Mays tract (151–E)

This tract consisted of 51 acres of land which was used for general agricultural purposes. The Government has acquired, by the exercise of its power of eminent domain, 1.75 acres for a road easement. The Commission found in regard to this tract that the landowners are entitled to an award of $875.00 but, in this matter, the Commission made no allocation for severance.

## Allen tracts (214 E–1 & E–2)

The landowners have an 80 acre tract of land used for general agricultural purposes. The Government, by the exercise of its power of eminent domain, has imposed on this tract a flowage easement consisting of 21.85 acres (214E–1) and has acquired .65 of an acre for an easement for road purposes. The Commission found in regard to these easements that the landowners are entitled to an award of $2,566.25. Again, in this matter, the Commission made no allocation as to severance.

In addition to the findings made by the Commission as above stated, the Commission on each tract, also undertook to compute the deficiency that was to be paid into the Registry of the Court and assess the interest thereon.

The Government objects to the proceedings of the Commission in the following particulars:

1.   The Commission exceeded its authority and responsibility by attempting to render a judgment for deficiency and interest on the deficiency; the Government complains that in order to do this the Commission must have had before it the amount of the deposit during its deliberations, and must have given consideration to the amount of deposit of estimated compensation;

2.   The Commission erred in determining the landowner was entitled to "severance" damage in two of the four tracts when in fact there was no severance; the Government complains that the Commission's only function was to determine the just compensation due each landowner;

3.   In the two cases in which an amount for severance damage was allocated, the Government was simply widening an existing county road, and although additional land was taken, there could be no basis for determining severance damages under such circumstances;

4.   The Commission made no findings to serve for a basis for awarding damages and therefore the portion of the awards allowing severance damages should be stricken; and

5.   The Government objected to the ruling of the Commission that sales of comparable property could not be admitted into evidence on direct examination.

The Government further moved to set aside the report of the Commission and asked that the matter of just compensation be submitted to trial by jury.

*First*, the Court will consider the Government's objections to the Commission's report in regard to the computation of a deficiency and the interest thereon. After examining the transcript of the evidence, it does not appear affirmatively that the Commission had before it the amount of security which the Government had deposited as estimated compensation at the time it determined the

amount to which each landowner was entitled. Under such circumstances, it must be presumed that the Commission did not have this information before it during the deliberations, it being equally reasonable to infer that after making the determination of the award, it then received the record indicating the amount of deposit and from that record made and prepared its conclusions. In absence of direct evidence that the Commission improperly considered the deposit of estimated compensation in determining the amount to which each landowner is entitled, the Court will presume that the deposit was not so considered. (Medsker v. Bonebrake, 108 U. S. 66, 2 S.Ct. 351, 27 L.Ed. 654.)

*Secondly*, the Court will consider the ·Government's objections that the Commission erred in determining that, in regard to tracts 144–E and 149–E, an allocation of "severance damage" should be designated in the awards. The Government claims that there was in fact no severance made by the taking and that such an allocation is therefore improper from a factual standpoint. More·over, it contends that the Commission was to determine the issue of just compensation only and that this determination would not include a finding of an allocation for severance damage. These claims embody Government objections two, three and four set out above, and they will be considered together.

■■ Severance damage is an element of value arising out of relation of the condemned portion of the tract to the remainder of the tract. (United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L. Ed. 336, 147 A.L.R. 55; United States v. 711.57 Acres of Land in Eden Tp., D.C., 51 F.Supp. 30, 33.) It is not necessary that a tract of land be divided by the taking in order that severance damage may be allowed. The reduction in size of the tract and many other elements may be considered in determining whether or not the remaining portion of the landowner's property has, in fact, been reduced in value. "Just compensation" within the meaning of the

provision of the Fifth Amendment that private property shall not be taken for public use without just compensation, means the full and perfect equivalent in money for the property taken whereby the owner is put in as good a position pecuniarily as he would have occupied if his property had not been taken. (United States v. Miller, supra.)

■ The Court agrees that the Commission exceeded the scope of its function when it allocated a severance damage separate from but not in addition to the total award of just compensation. However, the fact that the Commission undertook to do so does not require a ruling that such item of damages might not be taken into account in an award of just compensation. From the Court's examination of the entire record, it is evident that there was in fact severance involved in these tracts, and that it was proper to include this element of damage in making a determination of just compensation.

*Thirdly*, the Court will consider the Government's fifth objection that sales of comparable property could not be admitted into evidence on direct examination to prove the fair market value of the land taken. In the instant case, at the commencement of the proceedings, the chairman of the Commission made the following statement:

"We have discussed among ourselves this problem which might arise with respect to the admissibility of evidence concerning other so-called comparable sales. We have done some research on it, so that we know it is a question that has come up a number of times before other commissions, and I believe that it is the position of this Commission—*of course we can't rule on the admissibility of evidence before it is offered*—but as to a possible guide as to how we might feel about this, which might help you in preparing, we believe the Kansas law to be that direct testimony with respect to other sales is not admissible. We find that some of the Federal Courts dis-

agree on that, but I believe I can say that it is our plan to not permit on direct examination evidence of other sales, although you can bring it out in cross-examining if it is within the proper scope. Now if you attorneys would like to discuss it and argue with us about it, we would be glad to hear you. We will have to make that ruling if the evidence is offered." (Emphasis supplied.)

█ The Government at no time during the proceedings offered any evidence of comparable sales. Therefore the necessity of ruling upon the admissibility of such evidence did not arise before the Commission. Under such circumstances the Court feels that since there was no proffer of any evidence of comparable sales it is unnecessary to make a determination of whether or not such evidence would be admissible. Notwithstanding this situation and our view that the point has not been preserved for consideration at this time, the Court will comment briefly upon the admissibility of comparable sales as that problem relates to this type of proceeding.

In the opinion of Chief Judge Stanley, decided September 20, 1962, United States v. 585.87 acres of land in Osage County, T–2144, D.C., 210 F.Supp. 585, he set out very clearly the guides for Commissions in determining whether or not such evidence should be admitted. As stated by Chief Judge Stanley, proof of sales of *truly* comparable land has considerable probative value in the determination of the ultimate issue of just compensation. However the price paid for comparable land must be proved with much formality, and witnesses are not permitted to testify in regard to sales unless the witnesses meet certain stipulated conditions.

█ Further as stated by Judge Stanley, not all sales of lands said to be comparable are made admissible by the bare assertion that the tracts are comparable. Before receiving evidence of this sort, the commission must be satisfied that substantial similarity in fact exists and that the proffered witness is qualified to testify on the point.

"The courts are agreed that proof should be confined to sales of land in the vicinity, regard being had to the nature of the land as sparsely settled or agricultural lands or land located in urban or thickly settled communities, and consideration being given also to the question as to whether or not the land is so situated that rapid changes have taken place in the value. It is essential, too, that the witness should have personal knowledge of the other sales; mere hearsay or recitals in deeds as to consideration are not competent to prove the facts. Furthermore, the other sales must have been, not forced, but free and voluntary. And it is not permissible to prove the amount received by way of compromise or settlement on condemnation proceedings." 1 Jones on Evidence, 5th Ed., 343.

"The price paid for similar land, when admitted as independent evidence of value, must be proved with as much formality as any other material fact, and witnesses are not permitted to testify in regard to sales unless they were parties thereto, or were the brokers who effected the sale, or in some other manner knew the price paid of their own knowledge, and not as a matter of common rumor, or from hearsay, only. Similarly, deeds of neighboring lands, containing recitals of the consideration, are not admissible as a means of proving the price paid." 5 Nichols on Eminent Domain, 3d Ed., 278.

In view of the fact that by the very nature of things no two pieces of land are exactly the same and no taking of any part of a tract of land would be exactly like the taking of a part of any other tract, this Court is of the opinion that the Commission is vested, under such circumstances, with a wide discretion to exclude this evidence even though it may be relevant. In most instances its

probative value is outweighed by the risk that its consideration will necessitate an undue consumption of time and create a confusion on the issues to be determined. The proceeding should not be an endless one or unreasonably protracted. All that is required is that the Commission receive enough evidence to ascertain what would be just compensation in the specific instance involved. Generally, the Commission should hear and consider enough evidence or data which reasonable men confronted with the necessity of acting in a matter of like importance in their everyday lives would use in making a decision on what must be determined.

The Kansas rule, being an exclusionary rule, need not be followed by this court or by its commissions; the question of substantial similarity of lands and of market conditions, and whether determination of those questions would require undue consumption of time or involve confusion of issues, must be left to the discretion of the commissioners, and in the absence of abuse of discretion, the resolution of those questions by the commissioners should remain undisturbed.

After examination of the voluminous record, the Court is convinced that the Commission had sufficient competent evidence before it to support its ultimate finding and award thereon in each case considered by it. The report of the Commission was not clearly erroneous. .

Under such circumstances, the report of the Commission should be and is approved insofar as the award of just compensation is concerned in the following cases:

Curtis Abbey
     tract–(144-E)  $3,369.00;
Noel tract  –(149-E)    956.00;
Mays tract  –(151-E)    875.00; and
Allen tracts  –(214E-1
        & E-2)   2,566.25.

Judgment is entered accordingly.