UNITED STATES of America,
Plaintiff,

v.

86.52 ACRES OF LAND, MORE OR LESS, Situate IN MORGAN, PETTIS AND BENTON COUNTIES, STATE OF MISSOURI; and M. F. Ayres, et al., Defendants.

No. 925.

United States District Court
W. D. Missouri,
Central Division.

Feb. 24, 1966.

F. Russell Millin, U. S. Atty., David M. Proctor, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Morgan M. Moulder, Camdenton, Mo., for defendants.

JOHN W. OLIVER, District Judge.

This land condemnation case pends on plaintiff's motion for judgment notwithstanding verdict; or, alternatively, for remittitur. That motion prays that the $6,245.00 verdict returned by the jury be set aside and that judgment be entered in the amount of $1,000.00. In the alternative, the motion prays that the defendant landowners be directed "to remit the sum of $5,245.00 from said verdict, or, if said defendants refuse so to remit, to order a new trial." The $1,000 figure suggested by plaintiff is

the highest damage figure testified to by any of plaintiff's expert witnesses.

Plaintiff's alternative motion for remittitur will be sustained for the reasons we state, although our direction to remit will be to a figure higher than that suggested in plaintiff's motion.

Defendant landowners' contention on the first page of their post-trial brief that "one need not be an 'expert' in the sense that word is ordinarily used, to testify as to the value of the land before and after the imposition of the easement or rights taken" accurately reflects defendants' basic trial view that their expert witnesses were not required by law to base their opinions on proven facts or established or undisputed factors, as distinguished from unproven personal assumptions not recognized by the law.

By following that trial theory all of defendants' valuation witnesses, including the defendant landowner, expressed opinions and gave testimony that demonstrated beyond any real doubt that they neither had any factual basis upon which their opinions could be based; nor, indeed, that an expert witness needed any factual base or reason upon which to base an opinion of valuation. Pretrial efforts, outside the presence of the jury, proved ineffective to limit the scope of the testimony given by defendant landowner's witnesses.

At the trial, it was not the questions asked by counsel as much as the answers volunteered by the witnesses and the cross-examination of those witnesses that created the difficulty. The trial reached the point that withdrawal instructions would have been ineffective. The trial progressed "too near the other shore * * * to turn back" (Compare Ringsby Truck Lines, Inc. v. Beardsley, 8 Cir. 1964, 331 F.2d 14 at 19) and for that reason was sent to the jury.

The hope that the jury's verdict would moot the question of excessiveness we now rule proved to be a vain one.

On its facts, this case is not dissimilar from United States v. Cooper, 5 Cir. 1960, 277 F.2d 857, in which that court held that "an opinion of an expert witness not based on adequate factual foundation is without probative value" (277 F.2d at 861). That case stated the established rule that:

An expert witness may give his opinion based on assumptions stated by him. However, if the assumptions needed to support the opinion are not proved, or at least testified to, and are not otherwise taken to be true, the opinion is worthless.

What was said of the witness Hall in that case must be said of defendants' witness Hall and defendant landowners' other expert witnesses in this case:

Here, moreover, it is plain that the witness Hall was not qualified as an expert on the issue of probability of use within the reasonably near future. * * * The question whether it was reasonably probable that the land would be used in the reasonably near future must be established to the jury's satisfaction. Hall's unsupported statement that 'there was a good probability' * * * did not supply the lack of evidentiary facts on which the jury could make its own finding. * * * the absence of a factual basis for his opinion robbed it of any evidentiary value.

Compare also State of Washington v. United States, 9 Cir. 1954, 214 F.2d 33 at 43, cert. denied 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679, and Hembree v. United States, 8 Cir. 1965, 347 F.2d 109.

■ Our review of the evidence introduced in the case requires that we must find that the jury's verdict is not supported by sufficient competent and substantial evidence to permit it to stand. Both the pretrial hearing and the testimony and other evidence adduced at trial make clear that the valuation opinions of the defendants' expert witnesses, including that of the defendant landowner, were without support in the demonstrated facts and were made without inquiry concerning the fair market value of comparable sales admittedly known to such witnesses. The assumptions upon which the opinions of those witnesses were

based were either not proved or expressly disproved by other undisputed testimony and evidence. We cannot permit the verdict of the jury to stand.

To say that the verdict must not stand, however, does not mean that we have power to enter judgment notwithstanding the verdict on the basis of plaintiff's evidence alone, or that we are forced to grant a new trial. We choose to afford defendants an opportunity to consent to a remittitur. As we have indicated, we do not believe that the figure to which remittitur should be directed is the highest damage figure to which plaintiff's witnesses testified.

The power and duty to direct a remittitur has been recognized and exercised since Mr. Justice Story's opinion in Blunt v. Little, 3 Mason 102, a case decided by the Supreme Court of the United States in 1822. Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A. L.R. 1150 (1935), made clear thirty years ago that the doctrine of Blunt v. Little, then over a hundred years old, would not "be reconsidered or disturbed at this late day" (293 U.S. at 485, 55 S.Ct. at 300). Nor has it been.

*Dimick* teaches that "our federal courts from a very early day have upheld the authority of a trial court to deny a motion for new trial because damages were found to be excessive, if plaintiff would consent to remit the excessive amount" (293 U.S. at 482, 55 S.Ct. at 299). *Dimick* also held that "[w]here the verdict returned by a jury is palpably and grossly * * * excessive * * * it should not be permitted to stand"; but that case added that a new trial may be avoided by remittiture because "the practice of substituting a remission of the excess for a new trial * * * has the effect of merely lopping off an excrescence" (293 U.S. at 486, 55 S.Ct. at 301). The practice of directing remittiturs in condemnation cases, of course, is well established in this district. See United States v. 34.5 Acres in Ozark County, Mo., W.D. Mo.1952, 107 F.Supp. 832.

But to say that we have the power and duty not to permit excessive verdicts to stand and that we should order a remittitur to give a defendant landowner the right to avoid a new trial does not say how much should be lopped off the excessive verdict.

As we have indicated, we refuse to enter judgment for $1,000.00, as requested by plaintiff, at the highest figure about which any of its witnesses testified. To so direct would, in our judgment, be equivalent to saying that defendant landowner introduced no evidence of value that had any probative value. Such action would also require that we judge the weight of the evidence and the credibility of the evidence, a function we are required to exercise only in a jury waived case.

■ We also believe that we must recognize that the testimony of a landowner is an exception to the expert witness rule and that his testimony can not be considered to be entirely weightless. How heavy that testimony may be, of course, is another question; but the rule that permits a landowner to testify carries with it the idea that it may be given *some* weight in every case.

The record will show, of course, that the defendant landowner in this case based his valuation on a great many factors that were not established by any evidence and that, at least in some instances, based his opinion upon reasons that were contrary to undisputed facts established by other evidence.

■ We, of course, can not find that the defendant landowner's testimony, standing alone, was sufficient to sustain the verdict; indeed, we have found and determined that the verdict is excessive as a matter of law and that the defendant landowner's valuations, based as they were on the reasons stated by all of their witnesses, were so contrary to the weight of all the other evidence that justice requires that the grossly excessive verdict must be set aside.

But this is not to say that the defendant landowner's testimony does not have sufficient probative value to require, for purposes of remittitur, that we not ac-

cept the testimony of plaintiff's expert witnesses as the sole and only figure to which remittitur should be ordered.

We believe the cases generally illustrate that the federal courts have been hesitant to pick a figure that they believe the jury should have found. Rather, those cases indicate that remittiturs are ordered in the federal courts to some figure that appeared of record in a particular case. Experience has taught that such not unreasonable figures appear of record in the general run of cases.

Judge Reeves of this Court, for example, directed remittiturs back to the commissioners' awards in United States v. 34.5 Acres in Ozark County, Mo., supra. No such award, of course, is available for use in the case at bar.

We believe, however, that Judge Hutcheson's action in United States v. Certain Parcels of Land, Etc., 5 Cir. 1945, 149 F.2d 81, and the reasons he stated for that action, should be followed in this case.

In that case defendant landowner introduced an "ill sorted and misfit collection of evidence" (149 F.2d at 82). As defendant landowner in this case, defendant landowner in the cited case "sought by the verdict to conglomerate this mass of unrelated and inharmonious testimony into a consistent whole." Defendant landowner, as defendant landowner in this case, urged that the jury's verdict be permitted to stand.

The verdict was held to be excessive in both the trial and appellate court. In directing a further remittitur, Judge Hutcheson picked the original deposit made by the plaintiff as the figure to which, to use the language of the Supreme Court in *Dimick*, the excrescence should be lopped off. In regard to the plaintiff, it was held that:

Here, by depositing $10,000, the United States has clearly recognized that beyond that amount it does not regard the verdict as excessive. It, therefore, cannot reasonably complain of a remittitur put at that amount.

In regard to the defendant landowners, it was held:

The appellee [defendant landowner] cannot complain because the legal and relevant evidence will not support a larger recovery and because she is given an option to remit or stand a reversal.

Judge Hutcheson then added:

Under these circumstances, in the light of the substantial justice rule prevailing as well in the federal, as in the state, courts, the judgment which this court should give is, we think, not one of reversal for trial anew, but one of conditional affirmance requiring a remittitur to the point above which the testimony would not sustain the verdict.

We do not think that defendant landowner's testimony in this case, when all the other facts and circumstances are considered, can be weighted any heavier than to the point where it can be said to be sufficiently heavy to support a verdict equal to the plaintiff's original deposit. Unless the defendant landowner's testimony is given that much weight, the only evidence upon which the verdict could rest would be the plaintiff's valuation testimony that would limit defendant's damage to $1,000.00; all of which would mean that defendant landowners would, under familiar principles, be required to refund $925 to plaintiff. We do not believe that such a consequence would produce a just result in this case.

■ We therefore indicate that plaintiff's alternate motion for a remittitur will be sustained and a new trial granted, conditioned, however, upon defendant landowners filing on or before March 3, 1966 a remittitur in the amount of $4320.00.

If defendant landowners fail to file a remittitur in that amount, consenting to the entry of judgment in the amount of $1,925.00, then we shall enter an order granting the parties a new trial.

■ Counsel are advised that should defendant landowners determine that they do not want to file the directed

remittitur this case will be for further pretrial on March 7, 1966 in the Central Division of this Court at Jefferson City and that the case will be there tried during the regular March trial calendar to commence March 21, 1966.

Should the pretrial be held, counsel for defendant is ordered to produce for pretrial qualification examination any expert witnesses he expects to call at the trial unless plaintiff agrees that it will not place in issue a particular expert's qualifications. Experts not qualified at the pretrial conference will not be permitted to testify at the trial.

It is so ordered.