**Sara LUDRICK, Plaintiff,**

v.

**Marion M. ROLAND, Defendant.**

**Civ. A. No. 66–288.**

United States District Court
D. South Carolina,
Florence Division.

July 18, 1967.

Dusenbury, Dusenbury & McKenzie, Florence, S. C., for plaintiff.

Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., for defendant.

### ORDER

SIMONS, District Judge.

The within tort action was tried by the court and a jury during the April 1967 term of this court resulting in a jury verdict for defendant.

In due course plaintiff's counsel moved for a new trial upon the grounds that: (1) the jury verdict was against the clear weight of the evidence, and if allowed to stand would result in a miscarriage of justice; (2) the only reasonable inference deducible from the evidence, considering the same most favorable to defendant, was that defendant was guilty of negligence which was the sole and proximate cause of plaintiff's injuries and damages, and that plaintiff was not contributorily negligent; and (3) there was not one scintilla of evidence that plaintiff was guilty of contributory negligence upon which the jury could have based a verdict for defendant.

The court is mindful of the sound judicial discretion reposed in it to grant a new trial under Rule 59 of the Federal Rules of Civil Procedure where the jury verdict is against the clear weight of the evidence, and to allow such verdict to stand would result in a miscarriage of justice. In consideration of plaintiff's motion for a new trial the court is required to consider the evidence in the light most favorable to the jury verdict. Garrison v. United States, 62 F.2d 41 (4th Cir. 1932); Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350 (4th Cir. 1943).

In passing upon plaintiff's motion for a new trial the court has carefully reviewed the pleadings, the evidence of plaintiff and defendant, and the able written arguments submitted by counsel for each party in support of their position in reference to the motion.

The evidence briefly summarized is as follows: Plaintiff, a 26 year old employee of Electro-Motive Manufacturing Company of Florence, South Carolina, was driving a leased 1965 Chevrolet automobile in a westerly direction along East Palmetto Street just east of the City of Florence, South Carolina, which is also U. S. Highway 301, in a maximum 35 mile speed zone at a rate of speed estimated from 30–37 miles per hour. She was alone in the automobile and was driving the same on the left or inside lane of the roadway which at the point of collision is a four-lane thoroughfare; two lanes for east-bound traffic and two lanes for west-bound traffic.

Defendant, who was driving a 1965 two-door Cadillac automobile owned by one John R. Kennedy, who had hired him to transport the car from Naples, Florida to New York City, had prior to the accident been traveling east on Highway 301, had made a u-turn and had entered a Shell station where he had purchased gasoline. He testified that after the automobile had been serviced he drove out of the filling station stopping at the edge of the pavement before entering the highway; he looked to his left and only saw one vehicle approaching him some 500–600 feet away which was being driven at a rate of speed he estimated to be between 30 and 35 m. p. h.; seeing no other traffic he proceeded to drive into the highway, headed diagonally across the highway in a westerly direction crossing the righthand lane at a speed of approximately 5 to 10 m. p. h. and entered the lefthand or inside lane of traffic preparatory to making a lefthand u-turn at an intersection where there was a break in the median strip of the highway in order to proceed in an easterly direction along the highway. Under his testimony he had proceeded at least 30 feet after driving his car into the left or inside lane of traffic and had given a signal by blinker light and hand and arm of his intention to make a left turn. When he arrived at the intersection where he intended to make the left u-turn he was meeting an on-coming car traveling in an easterly direction which required him to stop and wait for the car to pass. When he came to a stop his car was in a partial turn to the left with the front end of the car extending out to his left into the intersection with the rear end of his car in the inside or left lane for westerly travel. At this time he heard a horn blow and the squeal of brakes; then the automobile he was driving was struck about the left door by the right front portion of the Chevrolet automobile driven by plaintiff. The Chevrolet auto-

mobile laid down about 45 feet of skid marks prior to the point of impact which indicated that plaintiff was traveling completely in the lefthand or inside lane of traffic.

Plaintiff testified that she was going to the Pancake House for lunch which was about one-half block from the Shell station, that she had driven into the left lane preparatory to making a lefthand turn into the Pancake House parking area when she saw the Cadillac pull out from the Shell station, drive across the street at an angle into and across her lane of traffic; that she was so close to the Cadillac that all she could do was blow her horn, apply her brakes and pull as far to the left as she could but she was unable to avoid a collision. She also testified that the traffic was very heavy at the time; and that she was traveling at approximately 37 m. p. h. which is slightly in excess of the posted speed limit of 35 m. p. h.

The highway patrolman who investigated the accident testified that the accident occurred at about 11:30 a. m. on March 11, 1966. He further testified that there were no traffic signs forbidding making a u-turn at this intersection; that there was an official highway department sign requiring motorists to drive to the right except in passing; and that the traffic was heavy.

■ From the testimony of the various witnesses for plaintiff and defendant there were conflicts in relevant issues of fact, as well as in the reasonable inferences deducible therefrom; especially in reference to the distance plaintiff was down the highway at the time defendant drove the Cadillac automobile out into the highway. If the jury, whose duty it was to pass upon the credibility of the witnesses, believed defendant's testimony that plaintiff was 500–600 feet away when he drove into the highway then there was basis for a determination that plaintiff was guilty of contributory negligence for failure to keep a proper lookout, or failure to slow down, turn or stop

in order to avoid a collision, and in driving in excess of the maximum posted speed limit and at a speed which was too fast for conditions under her testimony that the traffic was very heavy at the time and in her failure to drive to the right as required by the official highway sign in the area. There was also conflicting testimony as to whether defendant gave a proper signal of his intention to make a lefthand turn, some of plaintiff's witnesses testifying that defendant failed to give such signal while defendant testified that he gave both a blinker light and hand and arm signal.

■■ Plaintiff's contentions now before the court were fully, ably and properly argued by her counsel to the trial jury. As before stated the evidence was conflicting to such an extent that more than one reasonable inference as to defendant's negligence and plaintiff's contributory negligence was deducible therefrom. It thus became the duty of the court to submit the factual issues under proper legal instructions to the jury for its determination. It is too well recognized to require the citation of authority that the jury and not the court is the sole judge of the credibility of witnesses where there is a conflict in the testimony, and it is its duty to decide the factual issues framed by the pleadings and supported by the conflicting evidence.

A review of the court's charge to the jury indicates that all of plaintiff's factual assertions including alleged negligence, recklessness, wilfulness and wantonness of the defendant, proximate cause, and actual and punitive damages, as well as defendant's defense of contributory negligence, recklessness, wilfulness and wantonness on the part of the plaintiff were submitted to the jury. All statutory and other requests to charge on the part of plaintiff's counsel, together with a full general charge on the applicable statutory and common law were given by the court to the jury, and there were no exceptions or additional requests to charge by plaintiff's counsel.

Although it is entirely probable that the court without a jury under the evidence presented in this case would have found in favor of plaintiff, nevertheless the fact that the court would have reached a different result than the jury verdict is no proper basis for granting a new trial where in the judgment of the court the jury verdict was not against the clear weight of the evidence to such an extent that to allow it to stand would result in a miscarriage of justice. In the court's view the issues of defendant's negligence and plaintiff's contributory negligence under the evidence presented were very close factual questions which were required to be resolved by the jury under proper instructions from the court. The jury has spoken and under the facts of this case the court will not in the exercise of its discretion disturb its determination. Plaintiff's motion for a new trial is therefore overruled.

And it is so ordered.