**UNITED STATES of America,
Plaintiff,**

v.

**657.94 ACRES OF LAND, MORE OR LESS, Situate IN DADE AND POLK COUNTIES, STATE OF MISSOURI, and Jessie L. Willett, et al., Defendants.**

**Civ. A. No. 2304.**

United States District Court,
W. D. Missouri, S. D.

Jan. 21, 1970.

David Proctor, U. S. Atty., Kansas City, Mo., for plaintiff.

William A. Collet, Kansas City, Mo., for defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER PLAINTIFF'S OBJECTIONS TO FINDINGS AND REPORT OF COMMISSION

BECKER, Chief Judge.

On April 25, 1968, the commission appointed herein under Rule 71A(h), F.R. Civ.P. held its hearing on the issue of just compensation for the taking of Tract No. 1845–1. The findings and report of the commission were filed on April 8, 1969. The commission found that the just compensation for the taking was $6,200.00. In the absence of any comparable sale of a similar improved property, the commission determined that the sum of $1,700.00 was the market value of the land and $4,500.00 was the value of the church building.

By its motion filed on April 18, 1969, the plaintiff objected to the findings and report of the commission. The objection is based upon six grounds: (1) that the finding that plaintiff's expert witness "based his opinion primarily on the construction costs of a school building" was erroneous because "said witness largely predicated his knowledge of current construction costs [on] a new church building in the general vicinity of the subject tract"; (2) that the commission erred "in rejecting the information obtained by plaintiff's expert witness relating to the construction costs of said new church building, on the ground that the same was hearsay testimony"; (3) that the finding of land value to be $1,700.00 was not based upon substantial evidence but "only upon the bare opinion

of the defendant's expert witness without reference as to, or reliance upon, any specific comparable sales"; (4) that the finding that plaintiff's expert made "somewhat conservative" estimates of the contributory value of the church building "is a conclusory statement without revealing the commission's reasons therefor and the weight to be given to said estimate"; (5) that the findings do not reveal what "consideration and weight" were given to plaintiff's expert's use of "sale tracts Nos. C–107 and P–37"; and (6) that the commission failed to find, or give any weight to, the fact that the southern portion of the subject tract was "more or less seepy."

On July 14, 1969, this Court entered an order recommitting the cause to the commission to review and re-evaluate in light of the error, acknowledged by the commission, in finding that the plaintiff's expert witness based his opinion primarily on the construction costs of a school building when the building upon which such opinion was based was a church building. Therein it was found that "[a]ll other objections to the report are without merit."

To that finding, plaintiff took exception. By its motion filed herein on July 24, 1969, it requested that the court reconsider "those objections * * * which were overruled by the court by an order in the above entitled cause dated July 14, 1969." Meantime, on September 22, 1969, the commission resubmitted its report, correcting the abovementioned error, but making substantially the same findings as made in the original report. Plaintiff has reasserted its motion to reconsider its objections, wherein it chiefly relies upon the second ground originally submitted, that it was error to reject "the information obtained by plaintiff's expert witness relating to the construction costs of said new church building, on the ground that the same was hearsay testimony."

In support of its second objection, plaintiff has now attached a portion of the record of the testimony of the hearing before the commission which shows

that the commission ordered stricken a portion of plaintiff's expert's testimony wherein he attempted to compare certain aspects of the Dadeville Church (his knowledge of which was based upon what someone had told him) with those coordinate aspects of the condemned and taken building. Plaintiff contends that the exclusion is an error of "far-reaching" effect because the "expert witness is entitled to express the basis for his knowledge of the facts upon which his opinion is based, whether or not such facts are in the form of hearsay or otherwise." In support of that proposition, plaintiff cites Wigmore on Evidence, 3d ed., Vol. II, Sec. 655, including federal cases cited in the 1964 pocket supplement; United States v. Johnson (C.A.9) 285 F.2d 35; and People By and Through Dept. of Public Works v. Gangi Corporation, Cal.App., 15 Cal.Rptr. 19, 25.

The objection should be overruled. The objection now made by the motion to reconsider is different from that made in the original objection. The original objection was simply to the rejection of information relating to construction costs. In its original suggestions, plaintiff contended as follows:

> "In any event, as shown in plaintiff's objection No. 2, the commission committed serious error in rejecting the information obtained by plaintiff's expert witness in respect to the construction costs of the new church building at Dadeville on the ground that the same was hearsay testimony. This error by the commission results from failure to understand that the rejected information was being adduced by plaintiff, not as substantive evidence of the facts, but as factual information upon which plaintiff's expert witness based his conclusions of structural costs. When used for that purpose such information is an exception to the hearsay rule."

However, the commission's summary of the testimony includes the Government's expert's opinion that "it would cost $7.-50 per square foot to construct a similar

church building which cost would include additional appointments not found in subject building." The commission's discussion also includes a statement that the basis of the Government's expert's opinion did not compare favorably with that of the landowner's expert's opinion. It is thus apparent that "information relating to construction costs" had not been excluded by the commission. This is further apparent from the record of the testimony. Now, however, by its motion to reconsider, plaintiff clearly objects to the striking of certain hearsay evidence offered on the issue of comparability of the Dadeville Church with the subject building. The relevant portion of the record attached by plaintiff to its later motion is as follows:

"Q (by Mr. Proctor) I'll ask you, is this a poorer building or a better building than is the subject?

A. Yes.

MR. COLLET: But a Quanset type.

CHAIRMAN DUGGINS: Mr. Proctor, that isn't a fair statement, is this a better building than the church building being taken, a comparison of a new building with one 40 or 50 years old.

MR. PROCTOR: Well, the purpose, the cost of the new building.

CHAIRMAN DUGGINS: You asked him to compare the old building with the present building, you mean the new and old?

MR. PROCTOR: Let's assume, —I'll rephrase the question.

Q Assuming that the subject property building were just completed on the day of the taking, December 9, 1966, which, in your opinion, would be the better building, the Dadeville Christian Church or the subject property?

A. I believe this Dadeville Christian Church is more modern type.

Q. Has nice plumbing?

A. Yes,

Q. What is the type?

A. It's a frame.

MR. COLLET: Wait a minute, I am going to object to getting into evidence what's already been excluded.

MR. CRAIN: It's not excluded, you sat here and let him put it in.

CHAIRMAN DUGGINS: Well I—

MR. COLLET: The objection was sustained. I move it be stricken because the objection, the witness was allowed to testify to his opinion based upon his conversation.

CHAIRMAN DUGGINS: What somebody told him will be stricken, that is hearsay.

MR. COLLET: Out of line.

MR. CRAIN: This investigation you made, how did you find that out?

A. One of the members told me.

MR. COLLET: I move to strike based on hearsay.

MR. PROCTOR: I think that objection comes too late, I think it's at least admissible under the exceptions of the rule basis for his opinion.

CHAIRMAN DUGGINS: Mr. Proctor, I think you asked the question initially in his opinion based on his knowledge and experience what would it cost, you asked that question and he gave that answer. Now, you come back and asked him where he got the information and he relies on what someone told him which is Mr. Collet's objection and I am going to sustain that portion of it * * *"

While it is true under the case law cited by plaintiff that an expert may testify regarding the basis of his opinion even if such testimony should include otherwise inadmissible evidence, it is not error to exclude hearsay evidence on the comparability of the property upon which sales or cost-estimates are based with the subject property. Before re-

ceiving evidence of sales of land or cost of buildings, "the commission must be satisfied that substantial similarity in fact exists and that the proffered witness is qualified to testify on the point." See United States v. 32.99 Acres of Land in Coffey County, Kansas (D. Kan.) 211 F.Supp. 61, 65; Anno. 85 A.L.R.2d 110, l.c. 126. Therefore, the issue of comparability is a different issue from that of value and subject to different evidentiary rules. Further, even under the rule cited by plaintiff, not all hearsay may be employed by the expert. The commission has some discretion to determine what hearsay should be excluded. At least the action of the commission in excluding the proffered evidence is not clearly erroneous. In fact, the ruling was within its discretion and not prejudicial in the light of the testimony of the witness which was admitted.

 The Government next objects that the finding of the land value in the amount of $1700.00 was error in that it was based only upon the "bare opinion" of the defendant's expert "without reference to, or reliance upon, any specific comparable sales." The commission found that the two tracts utilized by the Government expert in this regard were tracts which supported buildings other than a church and which were not altogether comparable to this tract because of the presence of a spring on this tract. "Recent sales of the particular premises or of similar parcels, generally speaking, are the most desirable standard, but in the absence of such sales, evaluation can still be arrived at by opinion evidence." United States v. 13,255.53 Acres of Land in Burlington & Ocean Counties, N.J. (C.A.3) 158 F.2d 874; see also Montana Railway Co., v. Warren, 137 U.S. 348, 11 S.Ct. 96, 34 L.Ed. 681. The opinion of the landowner's expert, plaintiff contends, is "pure speculation and conjecture" because it is based upon no specific comparable sales. There is, however, "no exact rule as to the amount of knowledge a witness must possess in order to be permitted to testify as to the

value of land." Love v. United States (C.A.8) 141 F.2d 981, l.c. 984. The commission here found that the landowner's witness qualified as an expert. Under precedent, he could not be disqualified as an expert simply because he did not base his opinion on comparable sales when there was a finding of fact that there were no comparable sales. Plaintiff cites the opinion of Judge John W. Oliver of this Court in United States v. 86.52 Acres, etc., (W.D.Mo.) 250 F. Supp. 619, to the effect that the expert opinion must be based on comparable sales. There, however, the "expert" testified "without support in the demonstrated facts and * * * without inquiry concerning the fair market value of comparable sales *admittedly known to such witnesses.*" (Emphasis added). *Id.* at 620. The emphasized portion distinguishes that case from the case at bar. Here the landowner's witness described the tract and evinced a familiarity with it. "If it is shown that [the expert] knows the land and its surroundings, and that he has an opinion based upon something more than conjecture as to its value, he may be permitted to state his opinion." Love v. United States, *supra* at 984. Further, such evidence may outweigh evidence of the sales of other land which is not comparable to the subject tract, because of an important feature of the subject tract. In the absence of comparable sales in computing the value of improvements, costs may be used. 4 Nichols on Eminent Domain § 12.1, p. 18, including n. 25 on page 20, and § 12.313, p. 134 et seq.

 Plaintiff's next objection is that the finding that plaintiff's expert's estimate of "the contributory value of the church building was somewhat conservative" is a conclusory statement "without revealing the commission's reasons therefor and the weight to be given to said estimate." The commission's report also includes findings that the Government witness "placed a value of the land in agricultural use and the commission was unable to agree that the land was so utilized"; that the Government

witness "utilized two sales of property upon which were located buildings other than a church"; and that the Government witness's opinion of costs was based upon a single other building while the landowner's building cost estimate was based upon "various buildings." In turn, the landowner's expert's estimate of the contributory value of the building was more than the Government witness's estimate of the value of the entire property. It is clear from the foregoing why the commission regarded the estimate of contributory value as "somewhat conservative." The finding meets the criterion of United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629. It reveals the reasoning that was used by the commission in reaching the result it did. Under the rule of *Merz*, the commission need not make detailed findings "resolving every contested issue or findings of subsidiary facts demonstrating that the ultimate finding of value is soundly and legally based." 84 S.Ct. at 643, 11 L. Ed.2d at 634. The report of the commission is sufficient if it "adequately and informatively discloses the path which the commission followed in arriving at its award." Morgan v. United States (C.A.8) 356 F.2d 17, 23. This objection is therefore without merit.

■ Further, plaintiff complains that the findings fail to reveal what, if any, weight was given to plaintiff's expert's "use of sale tracts Nos. C–107 and P–37." It is evident from the report that these tracts were not entirely comparable in that they were not used as church yards and because at least one of them lacked a spring. The commission found as follows:

"The Commission feels the land value expressed by the Government witness was somewhat low in view of the use and the presence of the spring and his estimate of the contributory value of the building was somewhat conservative. The Government witness utilized two sales of property upon which were located buildings other than a church; however the Commission feels that the sale tract lacking water supply was inferior to the subject tract in this regard."

The reasoning of the commission was thus made clear in accordance with United States v. Merz, *supra*.

■ Plaintiff lastly demands to know whether the fact that the southern portion of the tract was "more or less seepy" was taken into account in arriving at the value. This is a subsidiary fact and the commission is not bound to state precisely the degree of weight which was given to it. The objection is therefore without merit.

With regard to all plaintiff's objections, except the objection regarding the identity of the Dadeville Church building, the motion of plaintiff should be denied. The report and findings of the commission are clear enough to accord equal fairness to both condemnor and condemnee as required by United States v. Merz, *supra*.

Further, the resubmitted report of the commission has corrected its error by stating that "The Government witness based his opinion primarily on the construction costs of a recently constructed *church* building as compared to the landowner's witness basing his knowledge of costs on the construction of various buildings." (Emphasis added) The emphasized word "church" replaces the original erroneous entry of "school." Nevertheless, the commission was justified in basing its findings on the landowner's witness's basing his knowledge of costs on the construction of various buildings while the Government witness based his knowledge on only one building.

The report is not clearly erroneous. It satisfies all requirements for commission reports.

It is therefore

Ordered that plaintiff's "motion to reconsider plaintiff's objections to findings and report of commission" be, and the same is hereby, denied.