**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SYLVIA H. WRIGHT,
Plaintiff-Appellant,

v.

No. 95-1764

VIRGINIA ELECTRIC & POWER
COMPANY, now known as Virginia
Power Company,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-94-597-3)

Argued: January 31, 1996

Decided: October 11, 1996

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jay Joseph Levit, LEVIT & MANN, Richmond, Virginia,
for Appellants. Donald Lester Creach, HUNTON & WILLIAMS,
Richmond, Virginia, for Appellee. **ON BRIEF:** Hill B. Wellford, Jr.,
HUNTON & WILLIAMS, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiff, Sylvia Wright, sued the defendant, Virginia Electric and Power Company (Virginia Power), for sexual and racial harassment and retaliation under Title VII of the Civil Rights Act of 1964. The United States District Court for the Eastern District of Virginia, Richmond Division granted summary judgment for Virginia Power. Miss Wright appeals and raises three claims: (1) did her immediate supervisor create a hostile working environment for her, (2) did Virginia Power take prompt and effective remedial action in response to her complaints, and (3) did Virginia Power retaliate against her because of her complaints and because she filed charges with the EEOC.

The district court determined that the comments complained of by Miss Wright were not sufficient to rise to the level of harassment. The court then determined that even if the comments could be found to be harassment, Virginia Power could not be held liable for the harassment because it took effective remedial action in response to her complaints. The court also determined that Miss Wright could not establish a prima facie case of retaliation because she had no evidence that Virginia Power took adverse employment action against her. The court finally determined that even had Miss Wright established a prima facie case of retaliation, Virginia Power had sufficient evidence that any adverse employment action was taken for a legitimate, non-discriminatory reason and that Miss Wright did not have sufficient evidence to establish pretext.

We review a grant of summary judgment de novo . In re Bulldog Trucking, Inc., 66 F.3d 1390, 1395 (4th Cir. 1995). We have reviewed the briefs and the record in this case, and after oral argument we are of opinion that the district court correctly granted summary judgment for Virginia Power for the reasons expressed in its opinion.

2

At oral argument Miss Wright's attorney advises us that she has since been wrongfully terminated. Any such termination was not litigated in the district court. We ordinarily do not consider a point not raised in the district court, <u>McGowan v. Gillenwater</u>, 429 F.2d 586, 587 (4th Cir. 1970), and we do not here. We do not consider that question and express no opinion on it.

The judgment of the district court is accordingly

<u>AFFIRMED</u>.