**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RANDOLPH L. BARTSCH,
<u>Plaintiff-Appellant,</u>

v.

DONALD E. STUART; JOHN P. STUART,

No. 97-1713

<u>Defendants-Appellees,</u>

and

DAVID G. PAYNE,
<u>Defendant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CA-96-762-2)

Submitted: May 12, 1998

Decided: June 9, 1998

Before ERVIN and MICHAEL, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William W. White, Jr., Greensboro, North Carolina, for Appellant.
Jonathan A. Berkelhammer, SMITH, HELMS, MULLISS &
MOORE, L.L.P., Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randolph L. Bartsch appeals from the district court's order dismissing his complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The district court found that the "gravamen of the Complaint lies in libel and slander," and that the complaint was filed beyond the one-year statute of limitations for actions for defamation under North Carolina law. See N.C. Gen. Stat. § 1-54(3) (1996). Bartsch appeals from this order, contending that the complaint set forth a cause of action for breach of contract and that the district court erred in dismissing the entire complaint after finding only one of the claims for relief barred by the statute of limitations. Because we find that the complaint failed to adequately allege the existence of a contract and a breach thereof, we affirm.

Bartsch filed his complaint* alleging that Donald Stuart requested that Bartsch recover for him an automobile that his son, John, had "lost or traded." Donald provided proof of ownership and written authority to recover the vehicle, stating "spare no expense." Bartsch recovered the vehicle from John, and, with John's consent, Bartsch had the vehicle taken to his house. John later contacted the police and reported the car stolen. Bartsch was arrested and jailed overnight. The car was returned to John pursuant to Donald's orders.

_____

*Jurisdiction in the federal court was grounded on diversity of citizenship, see 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 1998), Bartsch being a citizen of North Carolina, Donald Stuart and John P. Stuart citizens of Massachusetts, and David Payne a citizen of North Carolina. By prior order, the district court dismissed the claims against David Payne for lack of complete diversity. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

2

The Stuarts moved to dismiss the complaint for failure to state a claim upon which relief may be granted. They asserted that the complaint alleged claims of libel and slander and that the defamatory statements were made on May 14, 1995. Because the complaint was not filed until September 16, 1996, the claims for libel and slander are barred by the one-year statute of limitations. See N.C. Gen. Stat. § 1-54(3). When Bartsch failed to respond to the motion to dismiss, the district court clerk advised him that the motion would be referred to the court as an unopposed motion. The clerk also advised that Bartsch could file a belated response upon a showing of excusable neglect. Bartsch still did not respond.

Addressing the motion to dismiss, the district court noted that the complaint contained many conclusory allegations of fact and that the focus of the complaint was a defamation claim. The court found the action barred by the statute of limitations and dismissed the complaint. On appeal, Bartsch asserts--for the first time--that the complaint alleged a cause of action for breach of contract. Despite several opportunities, Bartsch failed to present this contention to the district court. We ordinarily do not consider questions not raised in or considered by the district court, see McGowan v. Gillenwater, 429 F.2d 586, 587 (4th Cir. 1970), and we decline to do so here.

In conclusion, we affirm the district court's order dismissing the complaint for failure to state a claim for relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3